HARRY H. KELLEY *vs.* ALCETTA M. WEST.

April 29, 1887.

**Vendor and Purchaser—Breach of Contract by Purchaser—Damages.**
—A vendor of land, who has necessarily been put to expense to enable him to fulfil his contract of sale, may recover damages on account thereof from the vendee who wrongfully refuses to perform the contract of purchase on his part.

Plaintiff brought this action in the municipal court of Minneapolis, to recover $55.70 paid by him for defendant's use. For a counterclaim the defendant alleged a contract made in December, 1885, whereby she agreed to sell and plaintiff to buy certain land, and that plaintiff refused to complete the purchase unless she should secure the release of a mortgage on the land which was not due until May 3, 1886; that to secure such release she was obliged to and did pay the mortgagee, besides the principal of the mortgage and accrued interest, the sum of $18.45, and also to neglect her regular work,

whereby she was damaged $10; and that after she had obtained the release, and fully performed the contract on her part, the defendant refused to complete the purchase, whereby she was damaged in the sum of $28.45. A demurrer to this counterclaim was overruled, and the plaintiff appealed.

*W. J. Marson*, for appellant.

*C. B. Elliott*, for respondent.

BERRY, J. The contract on the part of the defendant to sell, and of the plaintiff to buy, the tract of land, must, upon the allegations of the answer, be taken to have been a valid and mutually binding contract for the sale and purchase of a good and unincumbered title. Hence the contract, which is sufficiently referred to and identified in that portion of the answer which attempts to set up a counterclaim, required the defendant to clear off the mortgage upon the tract before the plaintiff could be compelled to accept a conveyance, and perform on his part. If, in order to do this, she was obliged, as she alleges, to take up the mortgage before its maturity, by paying the full amount which would be due on it at maturity, at an expense to her of the intermediate unaccrued interest, and, having thus made ready, she was willing and offered to fully perform on her part, but the plaintiff on his part refused to perform, she is *prima facie* entitled to recover the expense to which she has thus been put, that being *prima facie* the loss and damage which has accrued to her from the plaintiff's default. A cause of action by way of counterclaim is therefore sufficiently pleaded in the answer.

Order affirmed.