## W. B. HENRY v. N. J. McKITTRICK.

1. SPECIFIC PERFORMANCE — *Sufficient Petition.* A petition setting forth a cause of action for the specific performance of a contract, *held,* to be sufficient.

2. ACTION, *Only One Cause of, Stated.* Where a petition sets forth facts sufficient to constitute a cause of action for the specific performance of a contract to sell and convey real estate, and also to authorize a recovery of damages for the refusal on the part of the defendant to specifically perform his contract, and prays that the defendant may be compelled to specifically perform his contract, or that, if for any sufficient reason a specific performance of the contract cannot be compelled, then that the plaintiff may recover damages, *held,* that only one cause of action is stated in the petition, and that several causes of action are not improperly joined.

### Error from Johnson District Court.

ACTION to compel the specific performance of a contract to convey certain land. Judgment for defendant *McKittrick,* at the January term, 1888. The plaintiff *Henry* brings the case to this court. The material facts are set forth in the opinion.

*A. Smith Devenney,* for plaintiff in error.

*H. L. Burgess & Burney,* and *I. O. Pickering,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Johnson county by William B. Henry against N. J. McKittrick, to compel the specific performance of a certain contract for the sale and conveyance of certain land. The petition described the land as "the southeast quarter of the northeast quarter of section 36, in township 13 of range 23, excepting therefrom seven and one-eighth acres in the southeast corner of said forty acres, in Johnson county, state of Kansas." The petition also alleged that McKittrick represented himself to be the owner of the land, and that he "duly authorized in the manner required by law in such case, one R. E. Stevenson, a real-estate agent of Olathe aforesaid, to find a purchaser for said land, and to sell the same to said purchaser when found, on the following terms and conditions, to wit," etc.; and that Stevenson under such authority and in the name of McKittrick sold the land to Henry by the terms of a written contract which described the land as follows: "The following-described real estate, situate in Johnson county, Kansas: The southeast quarter of the northeast quarter of section 36, township 13, range 23 E., except seven acres out of the southeast corner of the same, containing thirty-three acres." McKittrick was to furnish a complete abstract of title to the property to Henry, and if the title was found to be defective in any way, McKittrick was if possible to remedy the defects at his own expense; but if a perfect title could not be given, the money paid by Henry at the time of the purchase, which was $100, was to be returned to Henry, and the contract was then to be null and void. Henry, in accordance with the terms of the contract, paid the aforesaid $100, and tendered the remainder of the purchase-money, to wit, $2,900, and fulfilled and performed all the terms of the contract on his part; but McKittrick refused to perform on his part. There is no allegation in the petition that McKittrick ever furnished .to Henry any abstract of title; and no allegation that McKittrick owned the property, except that he rep-

resented himself as the owner thereof, and duly authorized Stevenson to sell the same; and no allegation as to whether there were any defects in McKittrick's title, or not. The plaintiff also alleged in his petition that the land had greatly advanced in value, and was worth about $7,000 more than the contract price, and that the plaintiff was damaged to that amount. There are many other allegations in the petition, which need not be mentioned. The prayer of the petition was, that the defendant should be compelled to accept the remainder of the purchase-money, and to execute and deliver to the plaintiff a deed of conveyance for the land; but if for any sufficient reason such deed of conveyance could not be executed and delivered, then that the plaintiff should recover the sum of $7,000 as damages, and costs of suit, and equitable relief. To this petition the defendant demurred, upon the grounds — first, that the petition did not state facts sufficient to constitute a cause of action; and second, that there were several causes of action improperly joined. The court below sustained this demurrer; and the plaintiff, as plaintiff in error, brings the case to this court for review.

As to the sufficiency or insufficiency of the petition in stating a cause of action, we would state that we think the petition is sufficient. We have not stated all the allegations of the petition, but we have stated all the supposed defects therein, and we do not think that any of such defects, or all together, render the petition insufficient. Nor do we think that several causes of action are improperly joined. In the first place, we think that only one cause of action is stated in the petition. The relief sought in the prayer of the petition does not constitute any part of the cause of action. The prayer indicates merely the *object* of the action, the thing sought to be obtained, the remedy demanded, and is not any part of the statement of the cause of action. A cause of action is always founded upon the following elements: first, a right on the one side, and second, an infringement upon or a violation of such right on the other side. In the present case the cause of action is made up of the following elements: First, the right of the plaintiff

to receive a deed of conveyance from the defendant for the land in question; second, a violation of that right by the defendant. What the relief shall be is a very different question. It might be the specific performance of the contract for the conveyance of the real estate, or it might be for damages for the violation of such contract; and if for damages, the damages might be measured by the enhanced value of the real estate, or they might be the amount of the purchase-money already paid for such real estate, with interest. But the fact that the plaintiff might be entitled to have one of several different kinds of relief, and might pray in his petition in the alternative for one or another of such several kinds of relief, would not establish the fact that he had stated in his petition several causes of action. The question as to what is a cause of action, is elaborately discussed in the case of *Scarborough v. Smith*, 18 Kas. 399, 405, *et seq.* See also upon this subject, Bliss, Code Pl., § 114; Pomeroy, Rem. and Rem. Rights, §§ 455, 459, 480. There can be no objection to asking in the alternative for one of two different kinds of relief where either might rightfully be obtained. And under the weight of authority there can be no objection to obtaining damages in an action for the specific performance of a contract where for any sufficient reason the specific performance of the contract cannot be adjudged. (Bliss, Code Pl., § 162; Pomeroy, Contr., §§ 480, 481.) The fact that the compelling of the specific performance of a contract is the exercise of equitable jurisdiction, while the awarding of damages is generally the exercise of legal jurisdiction as contradistinguished from equitable, can constitute no valid objection to allowing one or the other of different kinds of relief as the proof will authorize. In this state all distinctions between actions at law and suits in equity are abolished. (Civil Code, § 10.) And "the plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal, or equitable, or both, where they all arise out of either one of the following classes: First, the same transaction or transactions connected with the same subject of action; second, contracts express

or implied." (Civil Code, § 83. See also upon this subject, Pomeroy on Remedies and Remedial Rights, §§ 76 to 86; *Scarborough v. Smith,* 18 Kas. 399, 404, *et seq.; Davis v. Morris,* 36 N. Y. 569.) And upon the general doctrine of permitting a party to recover damages in an action for the specific performance of a contract where the relief of specific performance cannot be granted, see the following cases: *Sternberger v. McGovern,* 56 N. Y. 12; *Cuff v. Dorland,* 55 Barb. 481; *Cross v. Everts,* 28 Tex. 523; *Hamilton v. Hamilton,* 18 Mo. 232; *Hall v. Delaplaine,* 5 Wis. 206, 216, 217. The fact that equitable actions may be tried before a court, while actions of a legal character must be tried before a jury unless a jury is waived, is no sufficient objection to this mode of procedure. (Pomeroy, Rem. and Rem. Rights, § 86.) In any case all the issues of fact made by the pleadings, whether legal, or equitable, or both, may be submitted to a jury for trial, and the jury may find generally or specially upon all such issues; or the case as an equitable case, or so much of it as is equitable, may be tried before the court without a jury, and the court may determine whether equitable relief can be adjudged, or not, and what equitable relief. After the court has disposed of the case, so far as it is equitable, it may then submit the remainder of the case, if there is any remainder, to a jury. In an action for the specific performance of a contract, if the court should find that it could not require the specific performance of the contract, then whether the court itself, without a jury, might determine whether damages might be awarded to the plaintiff or not is a question which need not now be determined. Some of the courts hold that the court itself might then determine that question too, and grant or refuse damages as the evidence might authorize, while other courts hold that the question as to whether damages could be awarded or not should be submitted to a jury unless a jury had been waived. This question we shall not now determine.

The order of the court below sustaining the demurrer to the plaintiff's petition will be reversed, and the cause remanded with the order that the demurrer be overruled.

All the Justices concurring.