MRS. L. E. HUEY V. J. C. STARR *et al.*

No. 15,913.   (101 Pac. 1075.)

SYLLABUS BY THE COURT.

1. JOINDER OF ACTIONS — *Specific Performance — Damages — Judgment.* In a petition for the specific performance of a contract to convey land a cause of action for damages arising out of the same transaction may be united, and if on the trial the evidence justifies a decree of specific performance in part only the court may thereunder apportion the purchase-price and damages in accordance with the evidence; if no decree for a performance of the contract can be had, judgment may be rendered for such proper damages, if any, as are proved.

2. ———— *Causes of Action that May be Joined.* A plaintiff in a civil action may join therein as many causes of action as are authorized by section 83 of the civil code, and is entitled to have them all adjudicated before the final determination of the cause, even though a part thereof may be triable to the court and a part to a jury.

3. ———— *Election of Remedies.* Where a plaintiff in his petition states facts which entitle him either to a decree of specific performance of a contract to convey real estate or to a judgment for damages for the failure to convey, and prays judgment for damages in case the court refuses the decree, he may not be required to elect his remedy before proceeding to trial.

Error from Scott district court; CHARLES E. LOB-DELL, judge. Opinion filed April 10, 1909. Reversed. Opinion denying a motion for a rehearing filed June 5, 1909.

STATEMENT.

THE plaintiff in error brought this suit for the specific performance of the following contract for the sale of real estate:

"This agreement, made this first day of November, 1905, by and between J. C. Starr, of Scott county, in the state of Kansas, and Mrs. L. E. Huey, of Scott county, in the state of Kansas, witnesseth:

"That said party of the first part, for the consideration hereinafter mentioned, covenants and agrees to

sell and convey unto said party of the second part, her heirs and assigns, all the following-described real estate situated in the county of Scott and state of Kansas, to wit, lots number fourteen (14) and fifteen (15), in block twenty-nine (29), original town of Scott, reserving for his own use the improvements situated on said lots, which improvements are to be removed therefrom on or before December 1, 1905.

"In consideration of which said party of the second part covenants and agrees to pay unto the said party of the first part for the same the sum of one thousand and no hundredths dollars, as follows: One hundred dollars upon the signing of this instrument, the receipt of which is hereby acknowledged; balance of nine hundred dollars to be paid upon the delivery of deeds conveying said lots. As a further consideration, party of the second part agrees to commence the erection of a two-story brick hotel as soon as contractors and material can be secured to do so, and complete same as quickly thereafter as possible.

"And said party of the first part, on receiving said sum and sums of money at the time and in the manner aforementioned, shall at his own expense execute and deliver to said party of the second part a good and sufficient warranty deed, conveying and assuring unto said party of the second part an indefeasible estate of inheritance, in fee simple, of and in, all and singular, the above-described premises, with the appurtenances, and warrant that the same are free, clear, discharged and unencumbered of and from all former and other grants, titles, charges, estate, judgments, taxes, assessments and encumbrances of whatever nature or kind soever.

"It is further agreed between the parties to these presents that the party of the first part is to retain possession of said premises until the first day of December, 1905, when the same shall be delivered up to said party of the second part, upon the compliance with the agreements hereinbefore contained; that said party of the second part shall pay all taxes or assessments becoming chargeable to or upon said premises after delivery of possession thereof, as aforesaid; and that if default be made in fulfilling this agreement, or any part thereof, by or on behalf of said party of the second part, this agreement shall, at the option of said party of the first part, be forfeited and determined,

and said party of the second part shall forfeit all pay-
ments made by her on the same, and such payment.
shall be retained by said party of the first part in full
satisfaction in liquidation of all damages by him sus-
tained, and he shall have the right to reënter and take
possession of said premises.

"And it is further mutually agreed that all cove-
nants and agreements herein contained shall extend to
and bind the respective heirs, executors, administra-
tors and assigns of said parties.

"In witness whereof, the said parties have hereunto
set their hands the day and year first above written.

J. C. STARR.<br>MRS. L. E. HUEY."

As an alternative, if the court should not decree spe-
cific performance, she prayed for damages in the sum
of $1000, being the amount she claimed was the in-
creased value of the lots from the time the lots were
transferred to a third party; also, damages in the sum
of $900 for delay, loss of business and loss of the use
of the property; also, if the court should find that she
was not entitled to the decree as against the codefend-
ants of Starr for all of the property, that she have
a decree for whatever part thereof is just and equit-
able. She also alleged, and it was admitted, that she
had paid $100 on the contract. Issues were joined by
the defendants, and a trial was had to the court with-
out a jury, which resulted in a judgment against the
plaintiff for the costs of the suit.

*J. S. Simmons,* for plaintiff in error.

*W. H. Russell,* and *Frank U. Russell,* for defendants
in error.

The opinion of the court was delivered by

SMITH, J.: The plaintiff alleged and proved that she
tendered the deferred payment of $900 on the first day
of December, 1905, and that defendant Starr refused
to convey the lots unless the deed or deeds contained a
condition that the grantee should commence to build.

the hotel, specified in the contract, within a certain time and complete it within a certain time, and if she failed to do so the land should revert to the grantor and the grantee should forfeit, as liquidated damages, the $1000 paid.

Upon the trial evidence was offered upon the question of specific performance only, and it was then agreed by the parties that the further trial of the cause should be continued until an adjourned term of the court, on July 10, 1907, at which time further testimony would be heard if either party desired. The case was called on the day to which it was adjourned, and the court announced that the plaintiff had not sustained her cause of action for specific performance of the contract and that a decree therefor would not be entered. Thereupon the plaintiff asked leave to submit proof of the value of the lots separately, and also proof of the damages that she had sustained by reason of the breach of the contract by Starr, all of which evidence the court refused to hear for the reason that an action for damages could not be joined with a suit for specific performance. The court made special findings of fact and conclusions of law, denied a motion for a new trial, and rendered judgment against the plaintiff for costs.

Among the special findings of fact the court found that defendant Starr was not the owner of lot No. 14 at the time of making the contract or at any time subsequent, and for that reason held as a conclusion of law that specific performance could not be had. This finding was well supported by the evidence, and the conclusion was undoubtedly correct.

The court also found as a fact that the erection of the hotel was about one-third of the consideration for the conveyance, and held as a conclusion of law that a court of equity should not enforce specific performance by Starr until the grantee had paid the entire consideration or given reasonable guaranty for the erec-

tion of the building. While this would have been a very reasonable provision in the contract, the court can not make a new contract for the parties. By the terms of the agreement Starr undertook, "on receiving said sum and sums of money at the time and in the manner aforementioned," to deliver a warranty deed to the property. No provision was made for the securing of the building of the hotel, and the grantor was to retain possession of the property until December 1, 1905, and to remove the improvements thereon by that time. By no reasonable construction of the contract could it be held that the plaintiff was required to erect a hotel before she got possession of the property. She had a right to erect it on the very spot where Starr's reserved building stood, and which he failed to remove according to the contract. The payment of $900 (the remainder of the purchase-price) and the delivery of the deed were by the terms of the contract to be synchronous, and Starr expressly agreed that on payment of the sum of money he would execute and deliver the deed. The deed was then due upon plaintiff's tender of the money. Starr had no right to incorporate any condition in the deed not specified in the contract. (See 26 A. & E. Encycl. of L. 40, par. b.)

The court also erred in its fifth conclusion of law—that the plaintiff's petition contained no recoverable damages. She alleged, and it is practically admitted, that she had paid $100 of the purchase-price, and if Starr refused to convey in accordance with the contract she is entitled to recover this sum (13 Cyc. 69), although she does not specifically ask for it in her prayer for relief. She is entitled to recover, if at all, on the facts stated in her petition, and is only required to pray for such relief as she thinks she is entitled to.

The court also erred in its fifth conclusion of law as to the measure of damages. The general rule of the recovery of damages for breach of contract is such damages as could have reasonably been anticipated by the

50—79 KAN.

parties at the time of contracting. The increase or decrease in real estate values is a matter within the reasonable anticipation of contracting parties. The rule laid down by the court is "the difference between the contract [price] and market price at the time of the contract." This rule would enable an owner of real estate to contract to convey the same in future at the market price on the day of the contract, and enforce his contract if the real estate fell in value, but if it advanced in value he could ignore his contract and no damages could be recovered.

The court's sixth conclusion of law is as follows:

"That while it is possible that an action for specific performance and for damages may in some instances be joined and tried together, the correct practice is in those instances for the election to be made before the trial is begun, and that where the case has been tried to a finality, as in this case, as an action for specific performance, the court should not, over the objection of the defendant, permit the action to be renewed and retried to the court without a jury as an action for damages for breach of contract."

In an action for specific performance of a contract it is quite customary and proper for the plaintiff to ask for alternative relief either for damages or for apportionment of the value of that which may be decreed and of that which may not. (*Henry v. McKittrick*, 42 Kan. 485, 22 Pac. 576; Bliss, Code Pl., 3d ed., § 162; Pom. Cont., 2d ed., §§ 480, 481.) In the English courts the suit for specific performance, being equitable, could be heard only in a court of equity, and the action for damages could be heard only in a court of law. In our state this distinction is abolished. (Civ. Code, § 10.)

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise out of either one of the following classes:

"First. The same transaction, or transactions, connected with the same subject of action. . . . But

the causes of action so united must all belong to one of these classes, and must affect all the parties to the action, except in actions to enforce mortgages or other liens." (Civ. Code, § 83.)

In this case the claim for damages did not affect all the parties to the action, but Starr was the only party defendant against whom either specific performance or damages was claimed. The other defendants were only made such for the purpose of establishing that they had no interest in the subject-matter of the action. At any rate, after the suit for specific performance was disposed of there was no claim against any defendant, other than Starr, for damages.

The court erred in holding that the correct practice in such cases is for the plaintiff to elect before beginning the trial whether he will proceed for specific performance or for damages. On the other hand, it is well recognized that in such a case the plaintiff has a right to the decision of the court upon his claim for specific performance, and if he fail to obtain that relief he may then press his claim for damages. (See *Henry v. McKittrick, supra,* and cases there cited.)

The suit for specific performance, being equitable, is triable only by the court, although special questions of fact therein may be submitted to a jury. It is possible, although the question is not herein involved, that after the disposition of the claim for specific performance either party would be entitled to a jury to determine, under the instructions of the court, the amount of damage, if any, the plaintiff is entitled to recover. (See Civ. Code, § 266.) At any rate, the plaintiff had a right to have every cause of action which he had properly joined tried before the case was finally determined.

The court also erred in its second conclusion of law, which, in effect, was that the plaintiff was not entitled to an equitable division of the contract price and an award of specific performance as to lot No. 15,

owned by Starr, for the reason that no evidence was offered in reference thereto. The offer of proof which was rejected by the court expressly included proof of the value of the two lots separately.

The judgment is reversed and the case is remanded.

---

OPINION DENYING A MOTION FOR A REHEARING.

The opinion of the court was delivered by

SMITH, J.: The motion for a rehearing is denied. Should the case again be tried the plaintiff is entitled to her election to have specific performance of the contract so far as it is found to have been within the power of defendant Starr to perform it on the day the tender of payment was made. And, if it be found that Starr could only convey a part of the land he contracted to convey, she is entitled to have the purchase-price of such part apportioned. Or, if she so elects, she should recover damages for the entire failure to perform the conditions of the contract on the part of Starr. (See *Gray v. Crockett*, 35 Kan. 66, 686, 10 Pac. 453, 12 Pac. 129; *Henry v. McKittrick*, 42 Kan. 485, 22 Pac. 576.)