J. W. MADDUX et al., as Partners, etc., Appellees, v.
JOHN SIMONSON, Appellant.

No. 16,624.

SYLLABUS BY THE COURT.

1. DAMAGES—*Conveyance by One Who Has No Title.* Where a
contract to convey land, for a consideration to be paid in
money and by the conveyance of city lots, is fully performed
by the vendors of the land, and it is then discovered that the
vendor of the lots has no title thereto or interest therein,
and he does not offer to obtain such title, the vendors of the
land are entitled to recover compensation for the lots.

2. CONTRACTS—*Construction.* The contract above referred to
contained the following clause:

"Said parties are to furnish abstract to their respective
lands within thirty days from this date, and deeds to be ex-
changed as soon as abstracts are made to show merchantable
title; should abstracts not show merchantable title, then this
sale is null and void."

It is *held* that the above condition does not apply where the
vendor of the lots had no title to or interest in the property
he had agreed to convey, and other lots described in his ab-
stract were not in the minds of either party when the con-
tract was made.

Appeal from Finney district court.   Opinion filed
November 5, 1910.   Affirmed.

*Hoskinson & Hoskinson, W. R. Hopkins,* and *R. J.
Hopkins,* for the appellant.

*O. H. Foster, Edgar Foster,* and *H. O. Trinkle,* for
the appellees.

The opinion of the court was delivered by

BENSON, J.: The appellees sued to recover for cer-
tain lots which the appellant had agreed to convey to
them and to which he had no title.   This appeal is from
a judgment in their favor.

This action is based upon the following contract,
made June 7, 1907:

"Article of agreement made and entered into this day

by Maddux & Jessup of the first part and John Simonson, of Media, Ill., of the second part:

"The parties of the first part have this day sold to the party of the second part the following tracts of land, situated in Finney county, Kan., to wit [describing two quarter sections], for the consideration of $3200, to be paid as follows: $500 cash which is to be deposited in Garden City National Bank, this city, with this contract, and the further sum of $2000 cash to be paid when the abstracts to above lands are accepted as showing good merchantable title to said lands, and the further delivery to said first parties of abstract and warranty deed showing merchantable title to the following lots in the city of Wichita, Kan., description of lots as follows: Lots 28-30-32-34 in Woolman's addition to the city of Wichita, Kan. Said parties are to furnish abstract to their respective lands within thirty days from this date, and deeds to be exchanged as soon as abstracts are made to show merchantable title; should abstracts not show merchantable title, then this sale is null and void and the $500 deposited shall be returned to said second party."

The appellees furnished an abstract and made conveyances of the two quarter sections as agreed, which were accepted by the appellant, who paid the amount stipulated in the contract on July 3, 1907, and placed the deeds on record. Before receiving the deeds the appellant, who resides in Illinois, had sent by mail a deed purporting to convey the Wichita lots, as described in the contract, together with an abstract of title. The abstract was not complete and the appellees sent it to Wichita to be brought down to date. On the return of the abstract it was discovered by the appellees that the lots described therein were in Martin Woolman's addition, instead of Woolman's addition, as described in the contract and in the deed from the appellant to them. It appears that there is a Woolman's addition situated near the Atchison, Topeka & Santa Fe railway station in Wichita, and a Martin Woolman's addition situated about four miles north of that station. The lots in Woolman's addition are much more valu-

able than the lots in the other addition. The appellees, who had already received the $2500, informed the appellant by letter that the lots abstracted were not those described in the contract, and that they could not accept the deed. Later, on August 19, they sent to the appellant a deed reconveying to him the property described in the conveyance to them. After this action was commenced the appellant tendered to the appellees a deed purporting to reconvey to them the lands in Finney county.

The appellant in his answer alleged fraud on the part of the other parties, but upon sufficient evidence the court found against him upon that issue. He also offered to rescind the agreement. Other findings of fact were made substantially as stated above.

The record presents but one material question, and that arises upon the construction of the contract. The appellant claims that, as his abstract did not show a merchantable title to the lots which he had agreed to convey, the sale was null and void by the express terms of the contract. We can not accept this view as correct. This is not a case where a title is merely defective, but one where the vendor has no title or interest whatever, and the condition referred to does not apply. (Fry, Spec. Per. of Cont., 3d Am. ed., § 1277.) The property described in the abstract and owned by the appellant was not in the minds of either of the contracting parties. As the appellant had no interest in the property, nothing passed by his deed, yet full payment was made to him. He did not offer to obtain the title to the property he had agreed to convey. In this situation the appellees should recover. The same result would have been reached had the deed been accepted and an action brought upon the covenants. The appellees do not seek to rescind, but to enforce, the agreement. As no title can be obtained to the property they are entitled to compensation. (*Henry v. Mc-Kittrick,* 42 Kan. 485; *Huey v. Starr,* 79 Kan. 781, 788.)

No evidence was offered of the value of the lots other than that afforded by the contract showing the amount for which they were to have been taken in exchange, and for this amount judgment was rendered.

The judgment is affirmed.