No. 18,842.

THE FIRST METHODIST EPISCOPAL CHURCH OF STRONG
CITY, *Appellee,* v. JACOB NORTH, *Appellant.*

SYLLABUS BY THE COURT.

1. VENDOR AND PURCHASER—*Breach by Purchaser—Measure of Vendor's Damages.* Upon the refusal of a vendee to comply with a contract to purchase property one of the remedies available to the vendor is an action to recover the fruits of his bargain—the loss which he sustains by the nonperformance of the vendee.

2. SAME. Ordinarily in such a case, where the title remains in the vendor and the money in the vendee, the measure of damages is the difference between the contract price and the market value when the breach occurs.

3. SAME—*Manner of Determining Market Value of Property.* When the property is resold within a reasonable time after due notice to the vendee and for the highest price which can reasonably be obtained by the vendor the price on resale is deemed to be *prima facie* evidence of its market value.

4. SAME—*Instructions as to Measure of Damages Not Prejudicial.* An instruction that the measure of damages is the difference between the contract price and the .price on the resale where the vendor used diligence to obtain the highest possible price for the property, but if the vendor did not do so then the measure would be the difference between the contract price and the market value of the property, can not have prejudiced the vendee where it appears that the jury found that the highest price was not obtained by the vendor and that the extent of the damages was fixed on the basis of market value and not on the price obtained at the resale.

Appeal from Chase district court; WILLIAM C. HARRIS, judge. Opinion filed May 9, 1914. Affirmed.

*Dennis Madden,* and *Theodore Richardson,* both of Emporia, for the appellant.

*Dudley Doolittle, Walter J. Gresham,* both of Cottonwood Falls, *W. L. Huggins,* and *Humbert Riddle,* both of Emporia, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by the appellee, The First Methodist Episcopal Church of Strong City, against the appellant, Jacob North, to recover damages for the breach of a written contract in which North agreed to buy an old church building and three lots for the price of $1000. The appellee had arranged to erect a new church building, and it was provided that possession of the old building should be reserved until the new one was completed. Shortly after the making of the contract the appellee began preparations to vacate the old church building and to erect a new one, and also procured an abstract of title to the lots and executed instruments transferring and conveying the property which it had contracted to sell, but when these were tendered to appellant he refused to accept them or to carry out the contract which he had made. When informed by appellee that it would not release him from the obligations of the contract, and that it was depending on the money derived from this source to go on with the new building, he replied that he did not care what they did with the property, and that he would not take it. The appellee then endeavored to resell the property, and finally obtained an offer of $250 for the building and $70 for the lots, and this offer was reported to appellant, who remarked that that was all the property was worth, but again refused to have anything to do with the property. Appellee then sold the property for $320 and sued appellant to recover $680, the difference between the contract price and the price which was received from the third party and which was alleged to be the value of the property at the time of the sale. Considerable testimony was offered as to the value of the property, some witnesses placing it as high as $1000 and others saying that the value of the building was $350 and the lots $40 each. The jury awarded damages in favor of appellee for $300.

The contention that there was, in effect, an abandonment of the contract and an acquiescence in the refusal of appellant to carry out the contract is not sustained either by the averments in appellee's petition or by the testimony. In its petition appellee set out the facts in the transaction, that a contract was made by the parties and broken by appellant, and consequently a loss ensued; that to minimize the damages as much as possible a sale of the property was made to another, but not until notice of the proposed sale had been given to appellant; and further, that the price received at the sale was the market value of the property at the time. While the appellee had other remedies, it had the right to maintain an action against appellant for the damages occasioned by the breach of the executory contract. The facts stated in the petition warranted a recovery of damages on this theory, and an election of the remedy on which it would rely was not essential. (*Henry v. McKittrick*, 42 Kan. 485, 22 Pac. 576; *Huey v. Starr*, 79 Kan. 781, 101 Pac. 1075.)

Complaint is made of the instruction relating to the measure of damages. The court, in effect, advised the jury that if they found there was a breach of the contract in which appellee had not acquiesced, the appellee was entitled to recover the difference between the contract price and the price for which the property was resold, subject to the condition that when there was a refusal of the appellant to perform his contract it became the duty of appellee to minimize the damages as much as possible; that it might then resell the property for the highest price obtainable, and if it sold for a less sum the amount of recovery would be proportionately diminished. If diligence was used and the highest possible price obtained the difference between that price and the contract price would be the measure of recovery, but if it did not make such a sale then its damages would be the difference between the contract price and the fair market value of the property. When a

vendee refuses to perform an executory contract of sale the vendor is entitled to the fruits of his bargain and to any damages he may suffer by reason of the non-performance of the contract. When the title to the property has not been transferred nor possession changed and no part of the purchase price paid the measure of damages ordinarily applied is the difference between the contract price and the salable or market value at the time of the breach. (*Allen v. Mohn,* 86 Mich. 328, 49 N. W. 52, 24 Am. St. Rep. 126; *Prichard v. Mulhall,* 127 Iowa, 545, 103 N. W. 774; *Kelley v. West,* 36 Minn. 520, 32 N. W. 620; *Clifton v. Charles,* 53 Tex. Civ. App. 448, 116 S. W. 120; *Dickson v. Turner,* 149 Ill. App. 394; *Weatherbe v. Whitney,* 30 Nova Scotia, 447; 2 Sutherland on Damages, 3d ed., § 570; 3 Joyce on Damages, § 1758.)

It has also been held that in case of nonperformance the vendor is at liberty to resell the property, and if he does it publicly within a reasonable time and exercises due diligence in making the sale he may recover the difference between the contract price and the price at which it was sold in addition to the costs and expenses of the resale, and in such a case the price for which the property has been resold is *prima facie* evidence of its market value. (2 Warvelle on Vendors, 2d ed., § 936; 3 Joyce on Damages, § 1765; 2 Sutherland on Damages, 3d ed., § 570; Wood's Mayne on Damages, 1st Am. ed., § 243.)

Ordinarily the price received at a resale properly made will be deemed to be the market value of the property, but if at such a sale more than the market value is received the vendee is entitled to a credit for the excess on the recovery, and if as much or more than the contract price is received then only nominal damages are recoverable. In this case the price obtained at the resale is not material to the determination of the case, as it appears from the verdict that the property did not bring its salable value. Although diligence appears to

have been used by the appellee in the resale, and although notice was given the appellant before the sale was effected, the jury manifestly decided that appellee did not secure the highest price obtainable for it. If appellee had done so the award would have been $680, the difference between the contract price and the reselling price, but as only $300 was awarded the jury evidently concluded that the property could have been sold for a greater price. The trial court told the jury that if appellee did not obtain the highest possible price its damages would be the difference between the contract price and the fair market value, and hence the rule for which appellant is contending was the one which governed the jury in the determination of the case.

There is nothing substantial in the claim that the case was tried on the wrong theory, nor do we find any prejudicial error in the other rulings of which complaint is made.

The judgment is affirmed.