No. 18,802.

ALECK KNIPE, *Appellee,* V. POUL TROIKA et al.,
*Appellants.*

SYLLABUS BY THE COURT.

1. SPECIFIC PERFORMANCE—*Time Not of the Essence of the Contract.* A contract for the conveyance of real estate containing a provision that the deal is to be closed within sixty days, no other limitation of time being stated, does not upon its face purport to make time of the essence of the contract.

2. SAME—*Waiver of Time Inferred.* If in connection with the language and conduct of the parties, the time stated in the clause referred to should be held essential, a waiver was properly inferred from the subsequent conduct of the parties.

3. SAME—*Reasonable Time for Performance Allowed.* Where the time for performance of such a contract is waived and no other period is fixed, a reasonable time for performance should be allowed.

4. SAME—*Order for Separate Trial as to Personal Property Not Error.* In an action for the specific performance of a contract to convey real estate, and as a minor consideration to deliver personal property also, an order made upon the trial of the principal issue that questions concerning the delivery of the personal property and damages for default should be tried afterward, upon a modification of the pleadings to more clearly present that issue, is not erroneous.

Appeal from Comanche district court; GORDON L. FINLEY, judge. Opinion filed June 6, 1914. Affirmed.

*J. W. Davis,* of Greensburg, for the appellants.
*Jay T. Botts,* of Coldwater, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an appeal from a judgment for the specific performance of an agreement for the exchange of real estate.

The contract was dated November 20, 1911, and provided for a conveyance by the defendants to the plaintiff of their 300-acre farm in Comanche county, two-thirds of a crop of wheat growing on another tract, and

two header barges and a McCormick header; and for a conveyance by the plaintiff to the defendants of an 800-acre farm in Gray county. It was further agreed that the plaintiff should give to the defendants a mortgage of $1000 on the Comanche county land, to be due in two years. Mortgages were outstanding on the land of each party which the other party agreed to assume. Each party agreed to furnish to the other an abstract of title. The contract contained the following clause: "This deal is to be closed in sixty days from the date of this contract." The district court found that the defendants desired to go into possession of the Gray county land in time to start farming operations in the spring of 1912, and in December began arrangements for moving to that place, but that nothing was said to the plaintiff about such desire. The court also found that the plaintiff procured his abstract on December 9, and showed it to Mr. Troika, together with a letter from an attorney concerning the title, and either gave the abstract to him or placed it in the hands of an attorney for him. Mr. Troika then seemed satisfied with the title. Deeds, however, were not exchanged, and on December 21 the plaintiff placed the abstract in a bank for safe-keeping.

On December 22 the plaintiff went on a visit to Kingman county, where he remained until January 25, 1912. On the 26th day of January the parties exchanged abstracts. Defendants put the abstract of the Gray county land in the hands of an attorney for examination. This attorney on January 30 made certain requirements, and the plaintiff immediately took steps to meet them. On February 1 the plaintiff prepared a deed and mortgage as required by the contract, which were submitted to Mr. Troika, who expressed his satisfaction with them, and thereupon, on the same day, they were signed and acknowledged by the plaintiff and his wife and left with his attorney. Sometime before February 12 Mr. Troika executed his deed to the Comanche county land, and on that day Mrs. Troika exe-

cuted it. This deed was then placed with the plaintiff's attorney, subject, however, to Mr. Troika's order. On February 27 Mr. Troika demanded and received back the deed, and on the same day notified the plaintiff that the deal was off, giving as a reason that it was getting late, and he was short of money. Until that time the defendants had been willing to complete the exchange. On March 26, the requirements of the defendants concerning the abstract having been complied with, the plaintiff tendered to Mr. Troika his deed, mortgage and abstract, which were refused.

The defendants' first contention is that time was made of the essence of the contract by the sixty-day clause. We do not so interpret the writing, but if it should be so held the defendants' conduct in making requirements upon the abstract after that period had expired, and in executing and depositing their deed some time afterwards, clearly evinced a purpose to waive the time. (.6 Pomeroy's Equity Jurisprudence, § 813.)

"Objections grounded on the lapse of time are waived by a course of conduct inconsistent with the intention of insisting on such an objection." (Fry on Specific Performance, 4th ed., § 1120.)

The defendants induced the plaintiff to incur expense in perfecting the abstract after the period prescribed in the contract, thus warranting the inference that it would be accepted if their requirements were complied with in a reasonable time. It is obvious that the defendants then intended to complete the deal notwithstanding the expiration of the sixty-day period. The first indication of a purpose to abandon the trade was on February 27, when the defendants, instead of fixing a reasonable time beyond which they would not be bound, summarily declared the trade off. This is not according to the approved practice in such cases. When time is not of the essence, or where the time fixed has been waived without prescribing another definite period, a notice of an intention to rescind,

giving a reasonable time for fulfillment by the other party, is necessary. (*Roberts v. Yaw,* 62 Kan. 43, 61 Pac. 409; *Reid v. Mix,* 63 Kan. 745, 66 Pac. 1021; *Nason v. Patten,* 88 Kan. 472, 129 Pac. 138; Waterman of the Specific Performance of Contracts, § 465; Pomeroy's Equity Jurisprudence, § 815.)

The defendants insist that the finding of the district court that nothing was said to the plaintiff about the defendants' purpose to take possession of the Gray county land in time to commence farming operations in the ensuing spring is contrary to the evidence. It was doubtless the defendants' intention to take such possession, and knowledge of that fact may properly be inferred from the language and conduct of the parties; but conceding this to be true, and that the instrument should be so construed as to give effect to such purpose, still the conduct of the defendants before and after the sixty days had passed, as already stated, plainly shows a waiver of that limitation. Having thus consented to delay, without prescribing any definite time, the defendants should have given a reasonable notice of a purpose to rescind. It is argued, however, that an extension of a fixed time for performance is a waiver only to the extent of substituting the extended time for that fixed by contract. That is true, however, only when the limit of the extension is also fixed. Otherwise an extension for a reasonable time is implied.

It is also argued that specific performance should be denied because of laches. Certainly delay to which the defendants consented, either expressly or by necessary implication, will not defeat the action. A consent to the delay necessary to comply with the defendants' requirements upon the abstract, which were made on January 30, must be implied. Many requirements were made, which covered nearly four pages of the printed abstract. They were placed in the hands of an attorney the day they were presented to have them complied

with.   It does not appear that an unreasonable time was taken for this purpose.

At the commencement of the trial a jury was demanded by the defendants.   As the action was equitable, the refusal of the request was not erroneous.   The court, however, indicated a purpose to submit any question of damages concerning the personal property to a jury.   At the conclusion of the trial of the principal issue the court directed that questions relating to the delivery of the wheat and personal property included in the trade should be reserved for further consideration, after a modification of the pleadings to present proper issues.   Thereupon what is called a second petition was filed, setting up the plaintiff's claim to the personal property or its value.   To this a demurrer was overruled.   An answer was then filed.   That issue was tried, and a judgment was rendered for the value of that property.   It is objected to this practice, that this was a new action to which the first one was a bar; that the petition did not state a cause of action; that the court had no jurisdiction; and that if not barred the second petition was supplemental and should have been so designated.

The so-called second petition was in effect an amendment, to present more clearly the issues relating to the personal property, and there was no error in trying that matter after the principal issues had been determined.   It was within the equitable power of the court in administering full relief to award damages if for any reason such delivery of the personal property could not be enforced.   (*Henry v. McKittrick,* 42 Kan. 485, 22 Pac. 576; *Huey v. Starr,* 79 Kan. 781, 101 Pac. 1075; *Naugle v. Naugle,* 89 Kan. 622, 132 Pac. 164; Fry on Specific Performance, 4th ed., §§ 1309, 1314; 6 Pomeroy's Equity Jurisprudence, § 831.)

Some minor objections to the proceedings are argued, but in the light of the conclusions already stated they do not affect substantial rights.

The judgment is affirmed.