No. 47,485

HERMAN W. DUFFIN and EUGENE C. HAAS, Co-PARTNERS, *Appellants* (Plaintiffs), v. LEE PATRICK, D. D. S., Appellee (Defendant).

(530 P. 2d 1230)

Opinion filed January 25, 1975.

*Edward A. McConwell,* of Shawnee Mission, argued the cause and was on the brief for appellants.

*James L. Eisenbrandt,* of Soden, Eisenbrandt & Isenhour, of Mission, argued the cause, and *Kenneth P. Soden,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal by plaintiff-vendors from a judgment denying damages for breach of contract for the sale of real estate. The controlling question presented is the vendors' measure of damages occasioned by the defendant-vendee's breach of the contract. A detailed recital of the facts of this case is contained in this court's opinion in *Duffin v. Patrick,* 212 Kan. 772, 512 P. 2d 442. Briefly, the pertinent facts and the chronology of subsequent events are as follows:

Plaintiffs Duffin and Haas entered into a written contract with defendant Patrick in April 1970, for the sale of seven tracts of land located in Mission, Johnson County, Kansas. At the time the contract was executed, the lots in question were zoned for a commercial office building. The contract price for the lots was $298,750. In *Duffin,* supra, we held defendant Patrick's obligation under the contract was contingent only upon the property being rezoned to allow a retirement village building to be constructed; that such rezoning was approved by the zoning authority but rejected by Patrick because of alleged inability to obtain financing; that the contract was not conditioned upon Patrick's ability to obtain financing to construct the retirement village, and upon his failure to carry out the terms of the contract he was liable in damages for such breach.

We remanded the case to the district court for a determination of such damages.

On remand, it was stipulated by the parties that the transcript from the first trial would be entered into evidence and the defendant would be allowed to present additional evidence. No additional evidence was presented by the plaintiffs. The matter was taken under advisement by the district court and the parties were allowed to file suggested findings of fact and conclusions of law. Thereafter, the district court found plaintiffs had suffered no damages and entered judgment which granted plaintiffs their costs and incorporated defendant's suggested findings of fact and conclusions of law. Plaintiff-vendors have appealed.

When a purchaser breaches a contract for the sale of realty, the seller has several remedies from which to choose. The seller may (1) seek rescission of the contract (*Gonder v. Phares,* 109 Kan. 322, 198 Pac. 962; *Shear v. Helm,* 195 Kan. 281, 403 P. 2d 941); (2) sue in equity for specific performance of the contract (*Waynick v. Richmond,* 11 Kan. 367 [* 488]; *Malir v. Maixner,* 174 Kan. 26, 254 P. 2d 282; *Darby v. Keeran,* 211 Kan. 133, 505 P. 2d 710); (3) sue in equity for forfeiture of the purchaser's rights (*Chambers v. Anderson,* 51 Kan. 385, 32 Pac. 1098; *Reger v. Sours,* 181 Kan. 423, 311 P. 2d 996); or (4) sue at law for damages occasioned by the breach (McCubbin v. Graham, 4 Kan. 340 [* 397]; *Methodist Episcopal Church v. North,* 92 Kan. 381, 140 Pac. 888; *McAdam v. Leak,* 111 Kan. 704, 208 Pac. 569).

In the instant case, appellee-vendee breached the contract and the appellants Duffin and Haas elected to sue for damages for the breach. The appellants seek as their measure of damages the difference between their cost of acquiring the lots and the contract purchase price for the lots—their lost profit on the transaction—with interest thereon from the stipulated date of the breach, August 18, 1970. To support their position, appellants rely upon the theory underlying recovery of compensation for breach of contract, that is, the awarding of a sum which is equivalent of performance of the contract. (*Steel v. Eagle,* 207 Kan. 146, 483 P. 2d 1063; *Vickers v. Wichita State University,* 213 Kan. 614, 518 P. 2d 512; *Fisher v. Mr. Harold's Hair Lab. Inc.,* 215 Kan. 515, 527 P. 2d 1026.)

Clearly, losses that are a necessary result of a breach of contract are presumed to have been contemplated by the parties and may be recovered in an action for breach of contract. However, it is

settled law in this state that where the vendee breaches a contract for the sale of realty, the measure of damages is the value of the vendor's bargain, that is, the excess, if any, of the purchase price of the land over and above the market value. In *Methodist Episcopal Church v. North,* supra, we said:

". . . When a vendee refuses to perform an executory contract of sale the vendor is entitled to the fruits of his bargain and to any damages he may suffer by reason of the nonperformance of the contract. When the title to the property has not been transferred nor possession changed and no part of the purchase price paid the measure of damages ordinarily applied is the difference between the contract price and the salable or market value at the time of the breach. (Citations.)

"It has also been held that in case of nonperformance the vendor is at liberty to resell the property, and if he does it publicly within a reasonable time and exercises due diligence in making the sale he may recover the difference between the contract price and the price at which it was sold in addition to the costs and expenses of the resale, and in such a case the price for which the property has been resold is *prima facie* evidence of its market value. (Citations.)" (1. c. 383, 384.)

The only evidence presented to the district court as to the market value of the property in question was that proffered by Mr. Kenneth H. Martin, appellee's witness. The appellants stipulated to Mr. Martin's qualifications to render an opinion as to the market value of the land, and he testified the value of the property was $333,000, an amount which exceeds the contract price. No evidence of special damages was offered by the appellants. It is incumbent upon the appellants to make it affirmatively appear that error was committed by the court below, and they have failed to sustain that burden. The record discloses the appellants have failed to prove any damages resulted from the breach.

We have considered other points raised by the appellants and find no error to have occurred under the facts as presented.

The judgment is affirmed.