In re Robert E. LACY and Jane (nmn) Lacy, Debtors.

Bankruptcy No. 86–4318–R.

United States District Court, D. Kansas.

May 22, 1990.

John H. Stauffer, Jr., Goodell, Stratton, Edmonds & Palmer, Topeka, Kan., for debtors.

Carol A. Park, Asst. U.S. Trustee, Wichita, Kan.

Paul D. Post, Topeka, Kan.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an appeal from the bankruptcy court. Debtors/appellants Robert and Jane Lacy appeal from the bankruptcy court's decision denying their objection to a claim for payment of certain taxes asserted by creditors/appellees Thomas P. Blackburn, trustee of the Thomas P. Blackburn Trust, and Ruth Z. Blackburn, trustee of the Ruth Z. Blackburn Trust. Having carefully reviewed the materials before the court, we are now prepared to rule. The Lacys have requested oral argument, but we deem it unnecessary. D.Kan.Rule 810(a)(7).

The standards of review are well-settled. The bankruptcy court's findings of fact must be upheld unless they are clearly erroneous. Bankr.R. 8013; *In re Mullet*, 817 F.2d 677, 678 (10th Cir.1987). The bankruptcy court's legal determinations are reviewed *de novo*. *In re Yeates*, 807 F.2d 874, 877 (10th Cir.1986).

In 1979, Mr. Lacy entered into an agreement to purchase certain real property commonly known as Wanamaker Woods from the Blackburns on a contract for deed. The agreement provided that Mr. Lacy would pay $5,000 upon execution of the agreement, $72,148 at closing, and the balance of $437,172 in five years. Mr. Lacy was to pay 9% interest on the unpaid balance with the interest due and payable on an annual basis. The contract further provided that Mr. Lacy was to pay all taxes and assessments on the property. The contract contained the following provisions

concerning Lacy's failure to perform on the contract:

7. In the event the Purchaser fails, refuses or neglects to pay the taxes when and at the time the same become due and payable, then the said Sellers may, at their option, pay the same and add the amount so paid to the unpaid principal balance, the same to bear interest at the rate hereinbefore provided.

10. In the event the Purchaser defaults for a period of 120 days in making any payment as herein provided when the same becomes due and payable, then the full amount of the remaining principal balance, together with any accrued interest thereon, shall, at the option of the Sellers, immediately become due and payable. Whereupon, the Sellers may, at their option, declare this agreement, and all the benefits attendant hereto, to be wholly null and void, and the said Sellers shall then be relieved of any and all obligations to convey the real estate herein described to the Purchaser, and the said Sellers shall retain the sums so paid hereunder as liquidated damages for the Purchaser's nonperformance of this Contract for Deed and thereupon, the escrow agent herein is directed to return all documents to the Sellers.

Subsequently, Lacy failed to make the necessary payments required by the contract. In November, 1982, the Blackburns paid the real estate taxes and assessments that were due on the property. On May 2, 1983, Lacy was in default in the approximate amount of $485,000 on the contract. On that date, the Lacys received notice that the Blackburns had elected to declare the contract cancelled. On May 11, 1983, the Blackburns filed suit in state court asking for return of the land and that the contract be "cancel[led] and terminate[d]" or, in the alternative, a money judgment for the full contract price. The Lacys then filed a Chapter 11 bankruptcy petition on May 19, 1983. The Blackburns paid the necessary real estate taxes and assessments for 1983 following the filing of the bankruptcy petition. On October 26, 1983, the Blackburns filed an adversary proceeding asking that the automatic stay "be modified to permit [them] to pursue the remedies available to them under state law; or in the alternative, that the court order cancellation of the contracts in question, and restore [their] full title to the subject properties." The Lacys then decided to abandon the property. Subsequently, the bankruptcy court approved the Lacys' decision to abandon the property to the Blackburns and entered an order of abandonment of the Wanamaker Woods property. The Blackburns accepted the property without comment. The Blackburns then sold the property. On June 7, 1984, they filed an amended proof of claim in the bankruptcy proceeding for the deficiency between the sale price and the contract price and for the 1982 and 1983 taxes and special assessments. The Lacys objected to the Blackburns' claim. The bankruptcy court ultimately determined that the Blackburns' acceptance of the abandonment of the property by the Lacys constituted an election of remedies and estopped the Blackburns from pursuing any deficiency claim on the contract. However, the bankruptcy court held that the Blackburns were entitled to a claim against the Lacys for the back taxes and special assessments.

The Lacys contend that the bankruptcy court erred in reaching its decision. The Lacys argue initially that their abandonment of the real estate extinguished any claims the Blackburns may have had against them. The Lacys next assert that they are not responsible for the real estate taxes and special assessments when the Blackburns received the property with the benefits of the capital improvements. Finally, the Lacys contend that an agreement was reached between the parties that the abandonment of the property was to be in full satisfaction of any claim by the Blackburns.

The Lacys' argument that the abandonment of the real estate extinguished any further claims by the Blackburns against them is based on the election of remedies doctrine. The Lacys contend that the Blackburns elected the remedy of cancellation and are therefore precluded from pursuing any claim for the real estate taxes. We must agree.

■ In Kansas, when a buyer breaches a contract for the sale of real estate, the seller, in the absence of a contractual provision expressly limiting the remedy or remedies available, has several options he can pursue. The seller may (1) seek recission of the contract; (2) sue in equity for specific performance of the contract; (3) sue in equity for forfeiture of the purchaser's rights; or (4) sue at law for damages occasioned by the breach. *Duffin v. Patrick*, 216 Kan. 81, 530 P.2d 1230, 1231 (1975). The seller, however, must elect one of these remedies. These remedies are inconsistent, and the election of one precludes the right to exercise any other.

■ The contract in question did not limit the remedies available to the seller. The contract provided that upon the default of the buyer, the sellers, at their option, could declare the contract null and void and retain all sums paid by the buyer as liquidated damages for nonperformance. Accordingly, the Blackburns could pursue the remedy provided under the contract, or they could pursue the other remedies provided by law. The bankruptcy court found that the Blackburns, by accepting the property abandoned by the Lacys, had elected the remedy provided by the contract and were estopped from filing a claim for the deficiency. Nevertheless, the bankruptcy court found the Blackburns were entitled to reimbursement for the taxes because the Lacys were obligated by the contract to pay them. The reasoning for this distinction is not clear to the court. The Blackburns made an election by accepting the property from the Lacys. This election meant that the Blackburns were cancelling the contract, retaining the amounts paid by the Lacys as liquidated damages, and regaining possession of the real estate. The election of remedies doctrine applies when an action was pursued to a determinative conclusion and the seller procured an advantage from his actions, or the buyer was subjected to injury. The remedy selected by the Blackburns precluded any right to receive further damages occasioned by the breach. The decision reached by the bankruptcy court allows the Blackburns to elect the remedy of forfeiture provided by the contract *and* to seek monetary damages. The election of remedies doctrine precludes such a result.

This decision is in accord with a Kansas case decided after the bankruptcy court's order. In *Rosson v. Cutshall*, 11 Kan. App.2d 267, 719 P.2d 23 (1986), the seller brought an action against the buyer for forfeiture and damages following the buyer's default under a contract for sale of real estate. The trial court granted the relief sought by the seller. The court declared forfeiture and cancellation of the real estate contract and ordered the buyer to surrender possession to the seller. The court further awarded the seller a money judgment for the reasonable rental value of the property, the unpaid taxes and the insurance premiums seller had been forced to pay. On appeal, the Kansas Court of Appeals affirmed in part and reversed in part. The Court affirmed the trial court's order declaring forfeiture of the contract, but reversed the trial court's order granting damages for the reasonable rental value and the delinquent taxes and insurance. 719 P.2d at 28. The Court determined that the remedies of forfeiture and monetary damages were factually and logically inconsistent because the former affirmed the existence of the contract while the latter disaffirmed or repudiated the contract. 719 P.2d at 27. The Court found that the election of remedies doctrine precluded relief in the form of both remedies. *Id.* at 26–27.

Here, the acceptance of the abandonment of the property by the Blackburns precludes any further action to recover damages. Therefore, the decision of the bankruptcy court must be reversed. With this decision, we need not reach the other arguments raised by the Lacys.

IT IS THEREFORE ORDERED that the bankruptcy court's decision of March 5, 1985 is hereby reversed. This case is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.