FRANK ROBERTS *et ux.* v. MARSELLUS YAW *et ux.*

No. 11,609.* (61 Pac. 409.)

1. BOND FOR DEED — *Forfeiture — Remedy.* The obligors in a bond for a deed to real estate, upon default by the obligee, are entitled to a decree canceling the contract and quieting their title, without first returning to the obligee the amount paid by him on the contract of sale.

2. ———— *Time Made the Essence by Performance.* Where, by the terms of a written instrument, time is not made of the essence of the contract, it can nevertheless be made so by a performance, or tender of performance, by one party and a demand on the other.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. McELROY, judges. Opinion filed June 9, 1900. Reversed.

## STATEMENT.

THIS action was based upon the breach of a written contract for the sale and conveyance of real estate. On March 12, 1894, Frank Roberts and wife executed and delivered to Marsellus Yaw their bond for a deed· to certain land in Shawnee county. The bond recited that $290 had been paid by the obligee at the delivery of the instrument; that $410 was to be paid on or before August 1, 1894, and the balance of $300 on or before January 1, 1895; deferred payments to draw seven per cent. interest per annum from date. The bond recites :

"Now, if said parties of the first part shall, on or before the 1st day of January, A. D. 1895, and upon full payment of said sum and sums of money, execute and deliver to said party of the second part a good and sufficient warranty deed, conveying an absolute and indefeasible estate in fee simple, with the usual

*For opinion by court of appeals, see 9 Kan. App. 135, 58 Pac. 490.—REP.

covenant, in and to said tract and parcel of land, then this obligation shall be void ; otherwise to remain in full force and effect.''

The petition filed by the plaintiffs below, the obligors in the bond, alleged the execution of the bond, its acceptance by the obligee, and the receipt of the $290. It averred that before the commencement of the suit, and on August 6, 1895, plaintiffs duly executed their deed to and in favor of Marsellus Yaw for the real estate, with covenants of warranty, strictly in accordance with the terms of the contract, and tendered the same to him, demanding payment of the balance of the purchase-money agreed upon, which demand was refused ; that plaintiffs brought said deed into court for the use and benefit of the obligee in the bond ; that the latter neglected and refused to perform the conditions of the bond on his part, or to pay the balance of the purchase-money ; that Yaw filed the bond for record in the office of the register of deeds, and the same was recorded March 12, 1894 ; that, notwithstanding their refusal to perform or be bound by the terms of the writing, the defendants, Yaw and wife, claimed some estate, right, title or interest to the real estate adverse to plaintiffs by virtue of said bond, which they refuse to surrender to the plaintiffs for cancelation, and which casts a cloud on the title of their real estate.    The relief prayed for was a specific performance of said contract ; a judgment against Yaw for $710, with interest, to be declared a first lien on the real estate, a foreclosure of all the estate and interest of defendants, and an order of sale to satisfy the decree ; or, if the court should find that the contract ought not to be enforced specifically, that defendants surrender said writing and bond for cancelation, and that the cloud cast on the title to the land be removed and that plaintiffs' title be quieted, etc.

Roberts v. Yaw.

The defendants below answered, first denying generally the allegations of the petition, and further alleging that they paid the sum of $290 at the time of the delivery of the bond, and averring that ever since said time plaintiffs below have been in possession of the land and enjoying the rents and profits thereof, and that since then defendants have paid taxes on the land to the amount of $13.33; that on or about January 1, 1895, defendants tendered and offered to pay plaintiffs the further sum of $200, and proposed that, if plaintiffs would execute a deed and hold it so it could be delivered upon effecting a loan on the land, defendants would execute a note and secure the same by a mortgage on the land for sufficient to pay plaintiffs fully the amount due, and that plaintiffs refused to do this.   The prayer of the answer was as follows:

"Wherefore these defendants say that the plaintiffs ought not to have a decree of this court canceling said contract without first paying to defendants said sum of $290, with interest thereon from March 12, 1894, and also said sum of $13.33, with interest from the date of its payment; and so these defendants pray that in the event the court should decree the cancelation of said contract defendants have judgment against plaintiffs for said sum of $290, with six per cent. interest from March 12, 1894, and also for said sum of $13.33 with interest thereon, and that said sums be declared a first lien upon the land described in plaintiffs' petition, and that the court do enter an order that, if plaintiffs do not pay the same at an early day, to be fixed by the court, said land be ordered to be sold to pay the same, and for such other and further relief as to this court shall seem right in the premises."

In the record the following admissions are made by the parties:

"It is admitted that the oral testimony at the trial of this case tended to prove all the allegations of the

plaintiffs' amended petition, and showed, among other things, that plaintiff Roberts had been in the possession of said premises ever since the execution and delivery of said bond for deed; that prior to the commencing of his action he tendered defendant Yaw a deed to said premises and demanded payment of the balance due, and that Yaw failed to comply with this demand.

"The defendant Yaw and his wife testified that about January 1, 1895, at Yaw's house he, Yaw, offered to pay Roberts $200, and asked Roberts to accept this amount and execute a deed to him for said land and hold it until he, Yaw, could effect a loan on said premises sufficient to pay the balance that was due, and that Roberts refused to do this, but Roberts testified that no such offer had been made.

"And it is further admitted that since the execution of said bond for a deed, and before the commencement of the action, Yaw paid taxes on said land to the amount of $13.33."

The district court rendered a judgment declaring that the bond for a deed was null and void and ordering that the same be canceled and for naught held; that the cloud cast upon the title of the real estate in consequence of the execution and recording of said instrument be removed and plaintiffs' title to the land quieted, perpetually enjoining the defendants from interfering with the plaintiffs' possession or title. This judgment was reversed by the court of appeals. (*Yaw v. Roberts*, 9 Kan. App. 135, 58 Pac. 490.)

*Jetmore & Jetmore*, and *D. F. Jetmore*, for plaintiffs in error.

*J. T. Ward*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. : Defendants in error contend that plain-tiffs in the trial court were, at most, entitled only to conditional relief under their petition, dependent upon the repayment to the obligee in the bond for a deed of the $290 paid by Yaw to Roberts at the date of the instrument, together with $13.33 taxes paid by the former.   This bond for a deed is a contract unilateral in character.   The obligors alone were bound by its provisions.   (*Guthrie v. Anderson,* 47 Kan. 383, 28 Pac. 164).   When the action was commenced, Yaw, defendant below, had been in default for about four-teen months.   At no time had he offered to comply with the terms of the instrument requiring pay-ment as a condition to obtaining a deed to the land. He could not at any time have recovered back the first payment of $290 made by him when the contract was executed.   (*Ketchum & Sweet against G. B. Evert-son,* 13 Johns. 359.)   Plaintiffs tendered a deed to the land before suit was brought, demanding payment of the amount due, and again in their petition made a like tender.   Defendants below have at no time claimed any rights under the contract.   On the other hand, persistently repudiating it, they demand back what they have paid.

It is well settled that where, by the terms of a written instrument, time is not made of the essence of the contract, it can nevertheless be made so by a performance or the tender of performance by one party and a demand of the other.   (*Foster v. Ley,* 32 Neb. 404, 15 L. R. A. 737, 49 N. W. 450, and note ; *Frink v. Thomas,* 12 L. R. A. 239, 25 Pac. 717, and note ; *Barnard v. Lee,* 97 Mass. 92 ; *Hatch against Cobb,*

4 Johns. Ch. 559; *Sea v. Morehouse*, 79 Ill. 216; *King v. Ruckman*, 20 N. J. Eq. 316.)

In the case of *Kirby v. Harrison et al.*, 2 Ohio St. 326, 332, there is an able discussion by Justice Thurman of this question, applied to a contract quite like the one under consideration. Kirby made a written contract for the sale of certain real estate to Harrison at the price of $1000. The sum of $100 was paid down, and the residue agreed to be paid in nine annual instalments of $100 each, and when so paid Kirby covenanted to execute to the obligee a warranty deed to the premises. The second instalment coming due, Kirby notified Harrison, some seven months thereafter, of the fact and requested payment, but received no response. Six months later he filed his bill for rescission. The learned justice said:

"Although there is no stipulation of the parties that time shall be of the essence of the contract, nor anything in the nature or circumstances of the agreement to make it so, yet it may be made essential by the proper action of a party who is not in default and is ready to perform, if the other party is in default without justification. Thus, if the vendee, without sufficient excuse, fail to pay at the stipulated time, and the vendor is in no default and is able and ready to perform all that the contract then requires of him, he may notify the vendee to pay within a reasonable time, or he (the vendor) will consider and treat the contract as rescinded. In such case, if payment be not made within a reasonable time, the vendor has a right to treat the contract as abandoned by the vendee. In like manner, and with like consequences, the vendee may notify the vendor, if the latter is in default and the former is not. *Remmington v. Kelley*, 7 O. R. pt. 2, 97; *Higby v. Whittaker*, 8 O. R. 201."

In that case there was a decree entered that the contract be delivered up and canceled. In the case

Roberts v. Yaw.

at bar there was a prayer for relief in the alternative,
first, for a judgment against Yaw for $710, with in-
terest, to be declared a first lien on the real estate,
and an order of sale thereof; or, if the court should
find that specific performance of said writing ought
not to be enforced, then that the court decree that de-
fendants surrender said writing for cancelation, and
the cloud on the title of the real estate be removed,
and that plaintiffs' title be quieted.   The relief last
prayed for was granted by the court, and we think
rightly so, in view of the persistent neglect of the
obligee in the bond to comply with its terms, parti-
cularly after demand and tender of a deed by plain-
tiffs.

In *Benedict v. Lynch*, 1 Johns. Ch. 370, 376, Chan-
cellor Kent said :

"The notion that seems too much to prevail, that a
party may be utterly regardless of his stipulated pay-
ments, and that a court of chancery will, almost at
any time, relieve him from the penalty of his gross
negligence, is very injurious to good morals, to a
lively sense of obligation, to the sanctity of contracts,
and to the character of this court.   It would be against
all my impressions of the principles of equity to help
those who show no equitable title to relief."

The conduct of the defendants below was such as
not to entitle them to any equitable relief, and the de-
cree entered against them in the district court was
justified under the facts shown.

The judgment of the court of appeals will be re-
versed and the judgment of the district court af-
firmed.