C. A. LONG et al., Partners, etc., *Appellants,* v. D. F. CLARK et al., *Appellees.*

No. 18,383.

SYLLABUS BY THE COURT.

1. VENDOR AND PURCHASER — *Advance Payments — When Forfeited.* Where partial payments are made on a purchase of land under an agreement that the sums paid shall be forfeited if final payment is not made at a fixed time and there is a default in the final payment and a forfeiture due only to the delay and fault of the purchaser he is not, in the absence of a waiver of the right of forfeiture, entitled to recover back the partial payments previously made.

2. ——— *Granting Extension — Does Not Waive Forfeiture.* The granting of an extension giving a purchaser the opportunity to pay the balance due on the land on a future specified date can not be regarded as a waiver of the right to insist on a forfeiture stipulation if payment is not made at that time. It is a general rule that no mere indulgences or silent acquiescence can be construed as a waiver of the right unless some element of estoppel is involved in the transaction.

Appeal from Wilson district court; JAMES W. FINLEY, judge. Opinion filed October 11, 1913. Affirmed.

*P. C. Young,* and *J. M. Kennedy,* both of Fredonia, for the appellants.

*John J. Jones, James W. Reid,* both of Chanute, *D. J. Sheedy,* and *J. L. Stryker,* both of Fredonia, for the appellees; *T. J. Hudson,* of Fredonia, and *James A. Allen,* of Chanute, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was begun by the appellants to enforce specific performances on a contract for the sale of real estate or for damages for not having complied with the stipulations of the contract. The appellants, on March 8, 1911, entered into a contract with D. F. Clark, as agent for Isaac Blakely, agreeing to purchase certain land. Under its terms they were

to assume an existing mortgage the amount of which was to be deducted from the purchase price, pay $200 down, an additional $200 in ten days or forfeit the first $200, and also make final payment within six months or forfeit the $400; and Clark, on his part, agreed to procure for them a warranty deed to the land. Appellants paid $200 down and $200 on March 18, 1911. The six months' limitation expired on September 8, 1911, without payment of the balance due, but appellants asked and were then granted an extension of thirty days in consideration of the payment of $200. Appellants failed to make payment on October 8, 1911, as they had agreed to do, and on October 12, 1911, they applied for and were granted an additional extension of thirty days from October 8, 1911, in consideration of the payment of $200. Appellants again made default. There appears to have been some controversy between the parties' as to the payment of a certain note, but the origin or nature of that obligation does not clearly appear. The default continued. No further negotiations were had nor any action taken on the contract herein involved until January 2, 1912, when appellants tendered to appellee Clark $1405, being the balance due on the contract with interest. This payment was refused by appellee Clark, and appellants thereupon began this action. On the trial by the court alone it was adjudged that appellants were not entitled to specific performance but that they were entitled to the return of $400 of the amount paid and that appellee. Blakely should retain out of the $800 paid to him by appellants the sum of $400 as liquidated damages.

Appellants complain and contend that the forfeiture provision of the contract should not have been enforced to any extent against them. It is argued that because of the extensions which were granted and the partial payments which were received after the first default

there was a waiver of appellee's right to insist on a for-
feiture and that these indulgences had led the appellants
to believe that the forfeiture clause of the contract would
not be enforced. Under these circumstances it is ar-
gued that appellee could not insist on a forfeiture, at
least without giving notice of a change of purpose and
additional time for performance. It is true, as con-
tended, that forfeitures are not favored and that forfei-
ture clauses of a contract may be waived where one
party, either by his statements or a course of conduct,
leads the other party to believe that he will not insist
on a forfeiture. It is a general rule that mere indul-
gence or silence can not be construed as a waiver un-
less some element of estoppel can be invoked. (28 A.
& E. Encycl. of L. 1106.) As will be observed, time was
made an essential part of the original contract and also
of the supplemental contracts of extension. When
final payment was not made at the end of the six-
months' period appellants were in default, and within
the terms of the contract they had forfeited the $400
previously paid. Time was of the essence of each
agreement of postponement, and therefore appellants
can not well contend that they were led to believe that
appellee had waived his right to declare a forfeiture
upon a subsequent default. The granting of the ex-
tensions and the acceptance of partial payments did not
necessarily preclude appellee from insisting upon a for-
feiture nor require him to give appellants notice of an
intention to do so and additional time for performance.
It is practically conceded by appellants that forfeitures
might have been insisted on if notice had been given
of such purpose and reasonable time given to appel-
lants to perform on their part. This is only necessary,
however, where the conduct of a party clearly in-
dicates a purpose not to stand on his right or there
were circumstances which would lead the other party
reasonably to infer that the right to declare a forfei--

ture had been waived. As all of the agreements for extension, however, made time of performance an essential feature, each was, in effect, a notice to appellants that time was still treated as material, and that if final payment was not made at the agreed time appellee would insist on a forfeiture. It is quite unlike a case where the time of performance was allowed to pass over unnoticed or without a contract for performance at a definite time in the future. It can hardly be said, however, that there was anything here to indicate acquiescence in nonperformance or relinquishment of the right of forfeiture if payments were not made at the times fixed in the extension agreements. The appellants expressly stipulated that the consequence of their default should be a forfeiture of the payments previously made. There was no breach of contract by the appellee. He was ready and willing to perform in accordance with the terms of the contract. There being no waiver of his right to insist on the forfeiture stipulated it can not be held that the court erred in denying a recovery of the advanced money which appellants agreed should be forfeited if they failed to perform. In a somewhat similar case where a much larger advance payment was made than here and where an extension was given to make deferred payments a forfeiture provision of the contract was enforced because nonperformance of the contract was due to the delay and fault of the purchaser, and this being shown beyond dispute it was held that no error was committed in directing a verdict denying a recovery to the purchaser of the partial payments previously made. (*McAlpine v. Reicheneker,* 56 Kan. 100, 42 Pac. 339. See, also, *Roberts v. Yaw,* 62 Kan. 43, 61 Pac. 409; *Hillyard v. Banchor,* 85 Kan. 516, 118 Pac. 67; *Ketchum v. Evertson,* 13 Johns. (N. Y.) 359, 7 Am. Dec. 384; *Hansbrough v. Peck,* 72 U. S. 497, 18 L. ed. 520.)

The court, on some equitable consideration, permitted a recovery by the purchasers of $400 of the amount advanced by the appellants, and while appellee says no award should have been made no error is assigned by him upon this ruling.

The judgment of the district court will be affirmed.