No. 18,787.

D. D. BRAMWELL, *Appellee,* v. O. B. TROWER et al.,
*Appellants.*

SYLLABUS BY THE COURT.

FORCIBLE ENTRY AND DETAINER—*Title in Dispute—Issue Not Triable before Justice of the Peace.* "One claiming to be the equitable owner of property under a contract of purchase—his claim being substantial, and not a mere pretext—can not be ousted from possession by a summary proceeding before a justice of the peace." (*Linder v. Warnock,* 91 Kan. 272, 274, 137 Pac. 962, and cases cited in the opinion.)

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed April 11, 1914. Reversed.

*E. A. Enright,* of Kansas City, for the appellants.
*David F. Carson,* of Kansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an action in forcible entry and detainer to recover possession of property which plaintiff claims the defendants occupied as his tenants. It was commenced in the city court of Kansas City and afterwards appealed to the district court, where the court directed a verdict for the plaintiff and rendered judgment in his favor, from which defendants appeal.

The property originally belonged to Trower, who lost it by foreclosure proceedings, the title passing to Bramwell by the sheriff's deed. Trower with his family remained in possession of the premises as tenants of Bramwell, and while such tenants Trower claims to have made a contract with Bramwell to purchase the property, and that the contract was partially performed by payment of $100 of the purchase money and by making valuable and lasting improvements.

The case is an apt illustration of the established rule that an action in forcible entry and detainer brought in a justice court is not a suitable remedy to recover possession of real estate from one who is in possession under a substantial claim, legal or equitable, that he is the owner thereof. The assignments of error relate entirely to rulings of the court in the admission of evidence; and aside from this the only questions discussed in the briefs relate to whether the written memorandum upon which Trower relied in part to establish his contract is sufficient under the statute of frauds. In our view of the case none of these questions need be considered for the reason that they have no place in an action in forcible entry and detainer. It was sufficiently shown in this case that Trower was claiming to be the equitable owner of the property under a contract of purchase; that his claim is substantial, not a mere pretext; and the law is well settled that he can not be ousted from possession by a sum-

10—92 KAN.

mary proceeding of this nature.  Upon the showing of a claim with as much substantial merit as the evidence of defendants establish in this case it became the duty of the trial court to dismiss the proceeding and leave the parties to litigate the question of title in some more suitable form of action.  See the case of *Linder v. Warnock,* decided in January, 91 Kan. 272, 137 Pac. 962, and cases cited in the opinion.

While the point upon which the case is determined is not raised in the briefs it is nevertheless our duty in furtherance of justice to reverse the judgment and remand the case with directions to dismiss the action (Civ. Code, § 581), and it is so ordered.