No. 19,990.

LETITIA E. DROLLINGER and EDWARD G. DROLLINGER, *Appellees,* v. DAVID L. CARSON and HATTIE T. CARSON, *Appellants.*

SYLLABUS BY THE COURT.

1. SALE—*Land—Default of Purchaser—Ejectment—Tender of Deed.* Where a contract for the sale of land gave the vendor a right to declare a forfeiture for the nonpayment of the purchase price, a statement by the buyer, made after default but before the expiration of additional time that had been given him, that he could not complete the purchase, is sufficient to excuse a formal tender of a deed, no offer to complete the payment ever having been made.

2. SAME—*Declaration of Forfeiture at Fixed Time—Ejectment.* Under such a contract, where the whole purchase price is due and unpaid, the vendor, after giving notice that he will declare a forfeiture unless payment is made by a day named, may maintain ejectment if the default continues beyond that time.

3. SAME — *Ejectment — Improvements by Defaulting Purchaser — No Allowance Therefor.* In the circumstances of the present case it is held that the improvements made by the purchaser do not prevent the maintenance of such an action, nor require any allowance to be made to him on that account.

4. SAME—*Assumption of Mortgage by Purchaser—No Obstacle to Rescission of Contract.* The fact that by the terms of such a contract the purchaser assumes the payment of an existing mortgage interposes no obstacle to a rescission by the vendor, where the mortgagee has done no act in recognition of the purchaser's obligation beyond accepting interest paid by him at a bank.

5. SAME—*Acceptance of Interest by Vendor—No Obstacle to Forfeiture for Purchaser's Default.* Under such a contract the acceptance by the vendor, on the day the payment of the purchase price is due, of the interest maturing at the same time, does not preclude his declaring a forfeiture for the failure of the purchaser to pay the principal at a subsequent time fixed in a notice that such action would be taken.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed March 11, 1916. Affirmed.

*R. F. Hayden,* and *George P. Hayden,* both of Topeka, for the appellants.

*A. A. Godard,* and *J. Arthur Myers,* both of Topeka, for the appellees.

The opinion of the court was delivered by

MASON, J.: Letitia E. Dollinger and her husband on March 1, 1910, entered into a written contract with David L. Carson by which they agreed to sell to him a tract of land, subject to a mortgage for $700, which he assumed, for $1800, to be paid July 1, 1914, he to pay interest at five per cent in the meantime and to keep up the taxes. Carson and his wife were placed in possession of the property. They paid interest and taxes, but failed to pay anything on the principal. On August 6, 1914, the Drollingers notified Carson that unless payment were made by the 15th of that month they would declare his right to the land forfeited and demand possession. No further payment was made, and on August 20, 1914, they brought ejectment against Carson and his wife. The plaintiffs recovered and the defendants appeal.

(1) The only controversy over the facts related to negotiations which the plaintiffs relied upon to excuse their omission

to make a tender of a deed. The question whether a tender had been waived was submitted to the jury, whose verdict implied an affirmative answer. A suggestion was originally made that the plaintiffs should have been required to prove their own title, but this has not been insisted on, the rule being recognized that the defendants, having obtained possession from the plaintiffs under the contract referred to, can not raise that question. (*Baldridge v. Gentgraf*, 82 Kan. 240, 108 Pac. 83; 39 Cyc. 1614; 29 A. & E. Encycl. of L. 706.) The defendants maintain that there was no evidence to support the finding that their conduct amounted to a waiver of the tender of a deed. There was testimony that David L. Carson about the first of August referred the plaintiffs' representative to his wife as the one who was looking after the matter, saying that while the contract was in his name he was allowing her to handle the business; that later Mrs. Carson told him it was absolutely impossible for them to pay the purchase price due at that time. Under such circumstances the offer to deliver a deed would have been a barren formality, and its omission does not affect the rights of the parties. (39 Cyc. 1541; 29 A. & E. Encycl. of L. 691.) It is urged that this was thirty days after the tender should have been made, but the delay was immaterial since no change of conditions took place in the meanwhile and the time allowed the defendants for payment had been extended. Decisions are cited that a tender made after the time set are unavailing (see 29 A. & E. Encycl. of L. 691), but they were made in cases where the time originally fixed was treated as being of the essence of the contract, and there had been no extension. A further objection is made that, because the property was occupied as a homestead, a waiver of tender could only be effective if made jointly by the husband and wife. As the husband had authorized his wife to act in the matter her statement may well be regarded as that of both. The whole controversy about a tender is rather unsubstantial, however, for there is no suggestion that the defendants were at any time ready to carry out the contract.

(2) The defendants maintain that in the situation stated ejectment was not an available remedy; that where time is not made of the essence of a contract for the sale of land, the buyer when placed in possession becomes the equitable owner, the

seller holding the legal title as security for the purchase price; that upon default in payment the seller can only foreclose his lien as an equitable mortgage, or (where the equities permit) bring an action to rescind the contract and recover possession. It may be remarked in passing that there is not much practical difference between ejectment and an action for rescission and possession. The rule invoked has been applied in a number of Kansas cases. (*Holcomb v. Dowell*, 15 Kan. 378; *Campbell v. Town Co.*, 69 Kan. 314, 76 Pac. 839, and cases there cited.) But in none of them had the buyer agreed that the seller should have any right of forfeiture or rescission, and in most of them that fact is noted and treated as an important factor.

"Whether or not an executory contract to convey land contains a condition for a forfeiture in the event of the vendee making a default in his payments, is a question having an important bearing upon the right of the vendor to recover possession of the premises in case the vendee fails to comply with the terms of the agreement." (Note, 107 Am. St. Rep. 723.)

Here the contract, while not in so many words making time of performance an essential element of the agreement, contained this language:

"If default be made in fulfilling this agreement, or any part thereof, by or on behalf of said party of the second part [the buyer], this agreement shall, at the option of said parties of the first part [the sellers], be forfeited and determined, and said party of the second part shall forfeit all payments made by him on the same, and such payments shall be retained by said parties of the first part in full satisfaction and in liquidation of all damages by them sustained, and they shall have the right to re-enter and take possession of said premises."

Such provisions are sometimes said to make time of the essence of the contract. (39 Cyc. 1369, 1370.) However that may be, a vendor who is not in default may make time essential by demanding of the purchaser that he perform his part of the agreement within some stated reasonable period, under penalty of a rescission or forfeiture. (*Roberts v. Yaw*, 62 Kan. 43, 61 Pac. 409; *Knipe v. Troika*, 92 Kan. 549, 141 Pac. 557; 39 Cyc. 1370.) Under the circumstances of the present case the time (August 15, 1914), fixed by the plaintiffs on August 6, 1914, within which payment must be made was not unreasonable. While it might seem somewhat short there is nothing in the record to suggest that if a longer period had been named the

defendants would have availed themselves of it to carry out the contract.

In the situation presented ejectment was a remedy open to the plaintiffs. (39 Cyc. 1886, 1889; Note, 107 Am. St. Rep. 724; 29 A. & E: Encycl. of L. 671.) The defendants could not have been ousted from the land by a summary proceeding before a justice of the peace for forcible detainer, that method not being adapted to the settlement of the controversies involved. (*Bramwell v. Trower*, 92 Kan. 144, 139 Pac. 1018.) But in an action for the possession of real property, in the district court, equitable as well as legal rights may be determined, and such relief can be granted as will do justice in the particular case. For instance, where the circumstances make it desirable, a conditional judgment may be rendered, providing for a delivery of possession unless payment shall be made, or some other act performed, within a designated time. (15 Cyc. 182; 39 Cyc. 1899.)

(3) The decision in *Roberts v. Yaw*, 62 Kan. 43, 61 Pac. 409, can not be regarded as establishing the principle that when the vendor rescinds a land contract because of the failure of the purchaser to perform his part he can under all circumstances enforce the forfeiture of the payments already made. Where the buyer had paid a considerable part of the purchase price the agreement for its forfeiture by the failure to meet a later payment might perhaps be regarded as unenforceable because in the nature of a promise to pay a penalty. (See the discussion in *National Land Co. v. Perry*, 23 Kan. 140.) But here nothing had been paid but the interest and taxes. The only basis for a claim that the judgment is inequitable on the facts is a showing that the defendants had expended $900 in the improvement of the property. Much of this expenditure— perhaps $200—was for items of ordinary repairs and maintenance—such as painting and papering—which served the purpose of the occupants as much as that of the owner. Some of it—possibly a greater amount—was for changes which would not necessarily add to the value of the real estate—at least in proportion to their cost—and which may not have been desired by the plaintiffs. One who occupies land under a contract providing that he shall have title upon completing the purchase

Drollinger v. Carson.

price, but must give up the property if he makes default, has no absolute right with respect to improvements he may make. His agreement gives him none, and the occupying-claimant act (Civ. Code, § 622) does not apply, for he is not within its letter or spirit. (16 A. & E. Encycl. of L. 96.) The ordinary rule is that he is allowed no compensation for his betterments, although there are cases to the contrary. (16 A. & E. Encycl. of L. 97; 39 Cyc. 1401.) Whatever concession is made to him in this regard must result from circumstances rendering it inequitable that he should lose his entire investment—a matter to be determined upon the facts of each particular case. The trial court evidently concluded that inasmuch as the defendants had had the use of the property during the period of more than five years that the contract had been in force, equity did not require any allowance to them on account of what they had invested in permanent improvements. In this conclusion we concur.

(4) It is contended that, inasmuch as the purchaser assumed payment of the existing mortgage, it was incumbent upon the plaintiffs, in order to effect a valid rescission of the contract, to procure his release from the personal obligation thus incurred. His liability was not irrevocable until the mortgagee had acted upon it. (20 A. & E. Encycl. of L. 999.) No showing was made that the owner of the mortgage had accepted the purchaser's promise, or acted upon it beyond the mere receipt of interest which he had paid at the bank, and therefore the assumption of the mortgage by the purchaser interposed no obstacle to the rescission of the contract sale.

"A contract for the assumption of a mortgage, on a sale of the mortgaged premises, may be rescinded or canceled between the parties to it, so long as the mortgagee has done nothing to show his adoption of the benefits of such contract or his acceptance of the purchaser as the principal debtor; and this may be accomplished either by a formal release or revocation of the contract, or by a rescission of the contract of sale or reconveyance of the property." (27 Cyc. 1360.)

"The fact that the purchaser has agreed, as a part of the consideration, to assume mortgages on the land, will not affect the vendor's right to rescind if the purchaser's promise has not been accepted by the mortgagee, and where the contract provides that, in case of default in payments, the contract shall be void, the vendor may forfeit, although the mortgagee knew of the agreement and notified the purchaser of maturing interest." (39 Cyc. 1363.)

(5) On the day the whole amount of the purchase price became due (July 1, 1914) the plaintiffs accepted the payment of six months' interest, which also matured at that time. The defendants insist that this constituted a waiver of the right to declare a forfeiture. If the plaintiffs had a right to rescind the contract merely because the principal was not paid at maturity, they may have waived it by accepting the interest payment made at that time. But this did not prevent their fixing a time in the future within which the purchaser's interest should be terminated unless the default should be remedied. Indeed, such action was perhaps a necessary preliminary to declaring a forfeiture in any event. In *Cue v. Johnson,* 73 Kan. 558, 85 Pac. 598, the vendor, having the right to declare a forfeiture for the failure to pay interest when due, led the purchaser to understand that he would be given further time. Without fixing any other date of payment the vendor afterwards determined to insist upon a forfeiture, and in two weeks brought an action for the purpose of having it declared. Ten days later, in an amended petition, he for the first time tendered back the purchaser's unpaid notes given for the land. The purchaser then tendered the overdue payment, which was refused. The court refused to allow the forfeiture. That decision does not militate against the plaintiffs' contention in the present case. If here the defendants had offered to make payment before August 15, 1914, they could have compelled its acceptance. If they had made such an offer at any time before the judgment possibly the court in the exercise of its equitable jurisdiction could have relieved them from the effects of their delay. But in the absence of such an offer at any time the judgment rendered imposes no such hardship as to call for an interference by this court. The mere delay to insist upon a forfeiture at the earliest moment it could be claimed does not of itself constitute a waiver. (*Mo. River, Ft. S. & G. Rld. Co. v. Brickley,* 21 Kan. 275, 295; 39 Cyc. 1392.) Nor does an extension for a definite period have that effect. (*Long v. Clark,* 90 Kan. 535, 135 Pac. 673; 39 Cyc. 1393.) In 29 A. & E. Encycl. of L. 685, it is said:

"Where the vendor receives payments on the contract or interest thereon, after the expiration of the time prescribed in the contract, he waives the right to declare a forfeiture for failure to make the payments within the required time."

But this statement immediately follows:

"The right to declare a forfeiture for nonpayment of the purchase price, according to the terms of the contract, is waived by an extension of the time of payment, but by extending the time for payment the pro · vision in the contract for forfeiture is not done away with, but it is incorporated in the agreement as if originally there. After the time for performance has been extended, the vendor is not entitled to declare a forfeiture without notice, as he has thereby waived his right to proceed strictly under the contract."

The judgment is affirmed.