No. 22,648.

A. J. RICE, *Appellant,* v. JOHN VAUGHN, *Appellee.*

SYLLABUS BY THE COURT.

1. SALE OF LAND—*Price Payable in Installments—Default of Vendee—Effect of Tender of Balance of Purchase Price.* A tender of the balance of the purchase price of a tract of land is held not to have discharged the vendor's contract lien therefor, both because in ejectment brought thereafter by the vendor on account of the nonpayment thereof the purchaser asked affirmative equitable relief, and because the judgment in such action declared the continued existence of the lien.

2. SAME—*Default of Purchaser—Ejectment—Conditional Judgment for Plaintiff.* Where in ejectment brought by the vendor of a tract of land against the purchaser because of his failure to complete payment the court finds the existence of the contract, denies the vendor relief, and orders him to execute a deed to the purchaser upon his paying the balance due, such judgment does not upon the principle of merger prevent the maintenance of a second action of ejectment based upon the failure of the purchaser to make the payment; and in such second action a conditional judgment may be rendered awarding the vendor possession unless the purchaser shall complete his payment within a stated period.

Appeal from Graham district court; CHARLES I. SPARKS, judge. Opinion filed November 6, 1920. Reversed.

F. D. Turck, of Beaver, Ore., for the appellant.

W. L. Sayers, J. S. Parker, both of Hill City, and T. E. Stewart, of Goodland, for the appellee.

The opinion of the court was delivered by

MASON, J.: On August 29, 1903, A. J. Rice and John Vaughn entered into a written contract for the sale by the former to the latter of a tract of land for the sum of $500, of which $100 was then paid; the remainder was made payable in installments bearing 8 per cent interest, the last of which matured in four years; time was made of the essence of the agreement and by its provisions a failure to meet any payment promptly was to work a forfeiture of all interest of the purchaser in the land or the sum already paid, the vendor to have an immediate right of reëntry. In 1912 Rice brought ejectment against Vaughn claiming a return of the land. Vaughn filed an answer asking

Rice v. Vaughn.

judgment for its conveyance upon the payment by him of a balance of $350 then owing, alleging that he had tendered the full amount of the deferred payments but that Rice had refused to accept it and was not able to convey a clear title, by reason of a preëxisting mortgage. On May 28, 1912, the court after making findings to the effect that the allegations of the answer were true, that Vaughn was the owner of the equitable and Rice of the legal title and that Rice by the terms of the contract was bound to convey the land to Vaughn upon the payment of the sum of $350 and interest, rendered judgment against Rice for costs, with the decree that he should make such conveyance upon the payment by Vaughn of the amount named. On May 26, 1917, Rice tendered a deed to Vaughn, demanding such payment as a condition of its delivery. Payment being refused, Rice brought the present action of ejectment. He was denied relief and appeals.

At the trial the plaintiff showed a chain of title from the government to himself and the defendant introduced the pleadings and judgment in the first action. The plaintiff then, by way of rebuttal, offered to show that he had tendered a deed conveying a good title and demanded the balance due on the purchase price; that no payment had been made or offered since the rendition of the former judgment. This evidence was rejected and the court directed a verdict for the defendant, on which the judgment here appealed from was rendered.

1. The defendant maintains that his tender of payment, made before the bringing of the first action of ejectment, discharged the plaintiff's purchase-money lien. It is true that a tender of payment of a debt, although not kept good, ordinarily effects a discharge of a mortgage or other lien securing it. (28 A. & E. Encycl. of L. 39; 27 Cyc. 1409; 26 R. C. L. 644.) Whether this rule would apply where a debt for the purchase money of land is secured by a reservation of title in the vendor accompanied by a right of forfeiture need not be considered. In his answer in the first ejectment action the defendant asked affirmative equitable relief—the conveyance to him of the land. That course prevented him from taking advantage of the rule if it was otherwise applicable. (28 A. & E. Encycl. of L. 39; 27 Cyc. 1409; 38 Cyc. 158, 159; 26 R. C. L. 645; Hunt on Tender, § 371.) Moreover, the judgment in the former action

declared the plaintiff to be the owner of the legal title, and the order upon him to make a conveyance was effective only on the completion of the payment of the purchase price. The situation as defined by these recitals was substantially that arising upon the sale of land where the buyer takes possession and is to receive his deed when he has paid the price agreed upon— the vendor withholding the legal title as security, in effect having a lien for the unpaid amount.

2. The defendant further maintains that the rights of the plaintiff under his contract were merged in the former judgment and that the remedy of ejectment is not open to him under the relations between the parties as therein established. The judgment, however, did not create a lien in favor of the plaintiff; it merely decided that such a lien existed. Notwithstanding the doctrine of merger the pleadings upon which a judgment is based may often be looked to in order to determine the manner of its enforcement. (*Investment Co. v. Wyandotte County,* 86 Kan. 708, 710, 121 Pac. 1097; *Hurd v. Hixon & Co.,* 27 Kan. 722, 727; *Wisconsin v. Pelican Ins. Co.,* 127 U. S. 265, 292.) The rights of the plaintiff as defined by the judgment are the same as those he had held under the contract. The fact that he had himself been in default might justify a court in refusing to enforce strictly the provisions in his favor relating to forfeiture as the result of the defendant's failure to meet his payments promptly. And doubtless in the situation presented it would be inequitable to allow the plaintiff to recover the land without giving the defendant ample opportunity to make payment of the amount still owing on the purchase price. It is evident that the land is now worth much more than the lien against it. It would be manifestly unjust either to permit the plaintiff to repossess himself of it because of the defendant's refusal under some misconception of the law to complete the payment upon demand, or to permit the defendant to retain it without paying for it. A foreclosure of the lien and a sale of the property might have been a reasonably adequate remedy, but there seems no occasion for confining the plaintiff to it. A judgment against the defendant for possession, conditioned upon his failure to make payment within a fixed period, will not as a practical matter be in any serious degree more disadvantageous to him than one of fore-

closure and sale, provided sufficient time be allowed him to raise the necessary amount. Such a conditional judgment is sometimes rendered in ejectment, where the circumstances make it desirable. (*Drollinger v. Carson,* 97 Kan. 502, 506, 155 Pac. 923.)

There is no occasion for a further hearing upon the facts. The attitude of the defendant here is a sufficient indication that his tender has not been kept good; therefore it does not relieve him from the payment of interest. (28 A. & E. Encycl. of L. 38.) It is not disputed that the plaintiff's evidence as to his title showed that he was able to make a good conveyance.

The judgment is reversed and the cause is remanded with directions to allow a recovery to the plaintiff unless prior to July 1, 1921, the defendant shall complete the payment of the purchase price.