No. 27,634.

Michael Gamer, *Appellant*, v. Fred C. Piper et al., *Appellees*.

(264 Pac. 1071.)

### SYLLABUS BY THE COURT.

Vendor and Purchaser — *Rescission of Forfeiture for Failure to Meet Payments—Disposition of Payments Made*. In an action in ejectment by the vendor of an executory contract for the sale of real property based on the default of the vendee in making payments, it was error for the court to decree the contract to have become void by reason of nonpayments, and at the same time to give the vendee a money judgment against the vendor for payments previously made.

Appeal from Chase district court; Isaac T. Richardson, judge. Opinion filed March 10, 1928. Reversed.

*Harry C. O'Reilly*, of Strong City, and *Gilbert H. Frith*, of Emporia, for the appellant.

*Lon C. McCarty, W. C. Harris* and *Owen S. Samuel*, all of Emporia, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is an action in ejectment. It was tried to the court, judgment was rendered for plaintiff for possession of the premises, but a money judgment was rendered in favor of defendants against plaintiff. From this plaintiff has appealed.

The plaintiff, who owned a farm in Chase county, entered into a written contract with the defendants by which he agreed to sell the farm to them, and they agreed to buy it, for $12,600, of which $2,500 cash was "paid as earnest money," and they agreed to pay $10,100 five years from date of contract, with interest at six per cent, payable annually, with the privilege of paying $100 or any multiple thereof at any interest-paying time. Defendants were to pay the taxes, and were put in possession of the property. Plaintiff's deed to defendants was to be executed and placed in escrow in the bank, where the payments were to be made. The contract contained a provision, not now important, respecting an oil and gas lease. Time was made the essence of the contract, and it provided that if defendants failed to make any of the payments, or to perform any of the covenants on their part, "this contract shall, at the option of

Mortgages, 41 C. J. p. 299 n. 73. Vendor and Purchaser, 39 Cyc. pp. 1382 n. 55, 1889 n. 95, 1894 n. 41; L. R. A. 1918B 540; 40 A. L. R. 182; 27 R. C. L. 625.

the party of the first part [the vendor], be forfeited and determined, and the party of the second part [the vendee] shall forfeit all payments made by him on this contract, and such payments shall be retained by the said party of the first part in full satisfaction and in liquidation of all damages by him sustained; and in case said second party has entered into possession of said premises the said first party shall have the right to reënter and take possession of the premises aforesaid."

Plaintiff executed the deed and placed it in escrow. Defendants paid the $2,500 cash and went into possession of the premises March 1, 1922, and remained in possession until dispossessed by the order of the court in this case, March 1, 1927. They paid the taxes for 1922, 1923 and 1924, and the first half of 1925. They paid the interest on the deferred payments, due February 23, 1923, 1924 and 1925. On February 23, 1926, interest of $606 on the deferred payment was not made, and on March 5, 1926, the plaintiff served written notice on defendants that he declared the contract forfeited and determined in accordance with its terms, and demanded immediate possession of the premises. Possession not being given, this action was brought.

Plaintiff's petition alleged the above facts and prayed judgment for possession. Defendants' answer admitted the execution of the contract, but alleged they had been induced to execute it by false and fraudulent representations of plaintiff respecting the value of the property and the fertility of the soil, and for this reason asked that the contract be canceled, that they recover all payments made, and damages in the sum of $500. As a second defense they repeated the allegations of misrepresentation, but averred they had been in possession of the property for three years; that its reasonable rental value was $300 per year; and they asked for the recovery of all payments made, less the reasonable rental value. In an amended answer they alleged that at the time they went into possession of the property there were eighteen acres of growing wheat on the land, in which a third person had an interest, of the value of $250, which sum they sought to recover; that at the time the contract was made there was an oil and gas lease on the property which plaintiff extended, to their damage in the sum of $1,305, and further averred that plaintiff is not entitled to a cancellation of the contract for the reason that the same was unreasonable, oppressive and unjust; that shortly before the filing of the action by plaintiff, defendants tendered plaintiff $400 on the last interest-pay-

ing date, and orally requested plaintiff to extend them time to pay the remaining $206, which plaintiff refused. They prayed that plaintiff be denied any relief, and in the event the court should decree a forfeiture of the contract, that plaintiff be adjudged to reimburse defendants in such sum as the court might deem just and proper, and that defendants recover the sums of $250 and $1,305 above mentioned.

The evidence disclosed no fraud of plaintiff which induced the execution of the contract, nor any damage to defendants by reason of the wheat crop or the oil and gas lease. Defendants produced evidence of the reasonable rental value of the property of $5 to $7 per acre per annum, and that there had been a decided decrease of land values between the date of the contract and the date of trial, variously estimated by the witnesses at from $10 to $50 per acre. The court found that the value of the real estate had depreciated $10 per acre; that defendants had used the land five years, and that its reasonable rental value was $525 per year, making total damages which plaintiff has suffered of $3,500; that defendants had paid $2,500 cash, $1,818 interest, and $350 taxes, amounting to $4,668; that the defendants had defaulted in the interest and taxes, as provided in the contract; that the parties, when entering into the contract, did not take into recognition the probable damages that might be suffered by the plaintiff upon the default of the defendants. The court concluded, as a matter of law, that the contract should be canceled and set aside, and that the provisions of the contract that plaintiff retain all sums paid on the contract prior to default constitute a penalty rather than liquidated damages. The court adjudged that the contract of purchase be set aside; that plaintiff recover possession of the real property, and defendants were ordered to relinquish possession to plaintiff on or before March 1, 1927; that defendants have and recover from plaintiff the sum of $1,168 as an equitable adjustment between the damages proved by plaintiff and the fair value of the rental of the property and the payments on the principal, interest and taxes made by defendants, and that defendants have a lien upon the real property to secure the payment of that sum.

A preliminary question is presented. The case was tried and judgment entered January 6, 1927. Defendants did not vacate the premises March 1, and plaintiff filed a motion for a writ of assistance, which was presented and sustained, and a writ was issued placing plaintiff in possession. Defendants have moved to dismiss

this appeal, contending that plaintiff has recognized and acted upon the judgment of the court by applying for and obtaining a writ of assistance, and that he is now estopped from prosecuting this appeal. The point is not well taken. Plaintiff gave notice of appeal "from all rulings, orders, decisions and judgments in the above entitled cause adverse to" plaintiff. A party may appeal from a part of a judgment. (R. S. 60-3306.) The judgment adverse to plaintiff in this case was the money judgment in favor of defendants. That part of the judgment which canceled the contract and decreed that plaintiff was entitled to possession of the premises was in favor of the plaintiff in accordance with the prayer of his petition, and was not appealed from by the notice of appeal. Plaintiff, therefore, is not precluded from prosecuting this appeal because he sought to enforce that portion of the judgment in his favor and from which no appeal was taken.

Plaintiff contends that the court erred in rendering a money judgment against him in favor of defendants. This contention must be sustained. Ordinarily when one contracts to purchase real property and makes a payment to bind the bargain, or as earnest money, and agrees to make future payments, and time of making such payments is made the essence of the contract, and the contract contains a provision that if the purchaser defaults in future payments the contract shall become void, or be forfeited, and the vendor shall retain payments made as liquidated damages, and the purchaser makes default in the future payments, by reason of which default the contract is forfeited or held void, the purchaser is not entitled to the return of any portion of the payments previously made. (*Long v. Clark,* 90 Kan. 535, 135 Pac. 673; *Drollinger v. Carson,* 97 Kan. 502, 155 Pac. 923; *Bentley v. Keegan,* 109 Kan. 762, 202 Pac. 70, and authorities there cited. See, also, 39 Cyc. 1381, 1889, 1894.) It is inconsistent to hold that the contract is forfeited because of the failure of defendants to make payments due plaintiff by reason of the contract, and at the same time to hold that defendants have paid under the contract more than was due plaintiff, for if the latter holding be true, why not require plaintiff to give defendants credit for such overpayments, in which event there would be no default by reason of nonpayment.

Let us look at the judgment from another viewpoint. If the court had found in this case that the land had decreased in value, from the date of the contract to the time of trial, as much as $25 per acre

Gamer v. Piper.

(and there was evidence from which that finding might have been made), then, following the method of computation made by the court, not only would the contract have been forfeited or set aside, but plaintiffs should have recovered a money judgment against defendants—a situation clearly not within the contemplation of the parties. We shall not further speculate to determine the judgment which should have been entered if the land had increased in value, and this method of computation were carried out.

We have pointed out these inconsistencies in the judgment rendered to demonstrate that the judgment is not based either on the contract as written, nor upon equitable consideration of the real nature of the business transaction between the parties. The judgment was not based on the contract as written, for had it been, the contract would have been declared void or forfeited for nonpayment, and there would have been no money judgment in favor of defendants against plaintiff. Plaintiff declared upon the contract as written, and was entitled to judgment thereon in an action at law unless the court deemed it inequitable so to enforce it in view of the real transaction between the parties. Neither of the parties, nor their counsel, aided the court much in reaching a proper conclusion based upon equitable consideration of the real nature of the business transaction between the parties. The business transaction, of course, was a sale of real property for part payment in cash, the balance to be paid at a future date. The contract and deed in escrow should, in equity, have been construed as an equitable mortgage to secure the balance of the payment of the purchase price. (*Chambers v. Anderson,* 51 Kan. 385, 32 Pac. 1098; 41 C. J. 299.) Had the case proceeded on that theory it would simply have been the foreclosure of a mortgage given for more than two-thirds of the purchase price of the property. Defendants would have had credit for all their payments made and would have been entitled to pay the remainder within the time fixed by the statute for redemption. (R. S. 60-3439.) But defendants nowhere asked that this be done. All their defenses were predicated upon a theory to try to get some money back which they had paid, a thing they were not entitled to, either in an action at law or in equity. As it turned out, considering the time it took to get the case to trial, in view of the feigned issues presented, defendants had the use of the premises for as long a period as they would have had them if there had been a prompt foreclosure of the contract and deed as an equitable mortgage; hence, defendants

are not injured by the course of procedure, and plaintiff would not be injured were it not for the money judgment against him. This can be corrected.

The judgment of the court below is reversed with directions to set aside the money judgment in favor of defendants and against plaintiff.