No. 30,141.

EDWARD W. GUSTASON and BESSIE GUSTASON, His Wife, *Appellants*, v. WAKLEY F. DEHAVEN, *Appellee*.

(5 P. 2d 1095.)

December 12, 1931. Opinion filed

*G. W. Sawyer*, of Liberal, for the appellants.

*H. A. Gaskill*, of Liberal, and *W. E. Eddy*, of Hugoton, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is by the plaintiffs from a judgment for costs in favor of the defendant in an ejectment action. The trouble arises over negotiations for a parol modification of the mode of payment in a written contract for the sale and purchase of a tract of land, in which contract time is of the essence of it, and there is no question as to the right of the vendors to declare a forfeiture for failure of the purchaser to make the payments re-

quired at the exact time specified. The allegations of the answer are that before any default occurred the vendors agreed to two different modifications of the contract as to the mode of payment, and later declined and refused to carry out either of these modifications, and therefore the failure to make prescribed payment on the exact day named in the contract was not the fault of the defendant but was excusable because of the misleading conduct of the plaintiffs, which would prevent their recovery later on the ground of default and their right to a forfeiture. Plaintiffs in their reply denied any such modification and claimed their rights under the original contract. The case was tried to the court without a jury. The announced findings of the trial court were in favor of the defendant on the issues joined and the conflicting testimony.

In the course of announcing the findings one of the counsel inquired if the court was finding that the contract was modified, and the following was the reply:

"No, I am finding this: That the contract is defaulted; while the contract is defaulted as to the one payment for December, 1929, but under the showing made the court couldn't declare a forfeiture, because of these negotiations going on between the parties to take care of the total price in advance of the due dates in the contract. The negotiations will excuse the one payment at that time, because under the evidence it shows that they were negotiating to close the contract."

After such finding and before rendering judgment the court gave the plaintiffs the option of accepting either of the tenders made in the pleadings by the defendant, which were the full amount of the purchase price with interest, or the one installment and interest then past due under the installment-payment contract. Upon the refusal of the plaintiffs to accept either, and their insistence upon their right of forfeiture, the court rendered judgment for the defendant for costs.

The purchase price as shown by the written contract was $2,500, payable in five annual payments of $500 each, the first installment and interest on the deferred installments being due on December 6, 1929.

The evidence of the defendant is that during the fore part of November, 1929, he made an agreement with one of the plaintiffs, the husband, whereby defendant was to get a loan on the land for as much as possible and give plaintiffs a second mortgage back for the balance of the purchase price. That he then asked E. J. Stephenson, a loan agent, to proceed along that line, and Stephenson testi-

fied that before doing anything he consulted the plaintiff, who confirmed the arrangement. That later, and before the 6th of December, 1929, the loan was completed and he so reported the matter to both parties, and plaintiff then refused to accept the second mortgage for the balance, but said he would accept it all in cash. Stephenson later, perhaps after December 6, 1929, told plaintiff that defendant had all in cash for him, and plaintiff said he would not accept the cash as "he was going to keep the land."

Since the court announced in open court its findings of fact, we should not in this appeal be particularly concerned with the testimony, but quite naturally attorneys imbued with the force and application of the theory of their own side of the case urge inconsistencies in and lack of proof for some of such findings.

It is contended by plaintiff that shortly before December 6, 1929, defendant admitted to the plaintiff that he might not be able to make the payment due December 6, which was not denied and was highly inconsistent with the claim of the defendant that he reported through Mr. Stephenson that the mortgage was completed and he was ready to close with the second mortgage for the balance. But the record shows a positive denial on page 20 of the abstract and on pages 43 and 44 of the transcript, which has evidently been overlooked.

An inconsistency is urged in the court's findings that the defendant was in default and that defendant was entitled to equitable relief when no payments had been made by him. The court did not find that the contract had in fact been modified, but found negotiations were going on between the parties to take care of the total price in advance of the due date in the contract, and also found that the contract was defaulted. It is contended that if negotiations were pending before date for default by the encouragement of the vendor so as to excuse the defendant, there would be no default. We think there is no inconsistency in this matter. It is just as if a jury had answered two questions as follows: Was payment made by the defendant of the $500 installment on or prior to December 6, 1929? Answer, No. Were there negotiations pending between the parties before December 6, 1929, to settle the whole matter in advance of the due date? Answer, Yes. Now if the participation of the vendor in these negotiations and his acquiescence in any of the terms proposed was such conduct as to constitute a waiver of his right to a forfeiture or such as to mislead the purchaser, it was not,

as a matter of law, a default when the payment by the terms of the written contract was not made. It is exactly similar to an extension of time for payment, leniency or toleration of delay, which have been held to be justifiable excuses for passing the definite pay day without incurring a forfeiture of all rights under the contract.

"Though the time for the payment of the purchase money is made of the essence of the contract, a default does not *ipso facto* terminate the contract, but it may still be enforced against the purchaser, and therefore the vendor may himself waive the default and render the contract enforceable by the purchaser. . . . Also, if the vendor by his acts or statements leads the purchaser to believe that he will not insist upon the strict terms of the contract, he will not be permitted in equity to insist that a forfeiture has occurred by reason of the payments not being made at the time agreed upon." (27 R. C. L. 452.)

Counsel for appellants urge that nothing but an agreement to modify the written contract could affect the rights of the plaintiffs thereunder, and as the court only found that negotiations were pending between them, such was not sufficient to deprive the plaintiffs of the right of forfeiture allowed by the contract. Such is not the real meaning of the rule quoted above nor of the holdings of this court. A party desiring to retain his existing right of forfeiture under a contract, and not waive it, must assert it promptly, and his acts and conduct in relation thereto must be unequivocal and consistent with the continuance of the contract rather than a modification thereof.

"We find that the plaintiff by his conduct at and about May 2, 1904, when the forfeiture is claimed to have occurred, waived his right thereto. When Cue informed the plaintiff that he was unable to pay and wanted more time, stating that he thought he could possibly raise the money by Thursday or Friday, and if he could would return with it on Saturday, the plaintiff, if then determined to insist upon the forfeiture, ought to have said so in positive and unequivocal terms. He ought to have informed Cue that he need not make any effort to raise money, as the time had passed and the money would not be received on Saturday, if tendered. On the contrary, he carefully refrained from giving express consent to further time; but in his own mind did consent, and decided to wait until Saturday and then take the money if offered, and if not to take back the unexpressed consent and waiver formed in his own mind and insist upon the forfeiture. He permitted Cue to engage in another effort to raise the money in the belief that, if secured, the plaintiff would accept it. This attempt to hold on to the forfeiture, while at the same time seeming to waive it, does not show such candor and fairness as the circumstances demanded. He ought to be held to this waiver." (*Cue v. Johnson*, 73 Kan. 558, 561, 85 Pac. 598. See, also, *Allen v. Gheer*, 98 Kan. 228, 158 Pac. 17; and *Painter v. Fletcher*, 81 Kan. 195, 105 Pac. 500.)

Negotiations for a different mode of payment of the whole purchase price are similar in their effect upon the right of forfeiture to the acceptance of the item of interest on the day of default as implying an intention to waive the prompt payment of the installment due that day, but is not a general waiver of rights under the contract which may be exercised by giving notice fixing a subsequent day for payment or forfeiture, as was held in *Drollinger v. Carson,* 97 Kan. 502, 155 Pac. 923, and where it was also held—

". . . in an action for the possession of real property, in the district court, equitable as well as legal rights may be determined, and such relief can be granted as will do justice in the particular case.

". . . Whatever concession is made to him in this regard must result from circumstances rendering it inequitable that he should lose his entire investment—a matter to be determined upon the facts of each particular case." (pp. 506, 507.)

In the case of *Rice v. Vaughn,* 107 Kan. 598, 193 Pac. 176, where the purchaser entertained a misconception of the law relative to his rights under a contract and the order of the court made thereon, the court said:

"The rights of the plaintiff as defined by the judgment are the same as those he had held under the contract. . . . And doubtless in the situation presented it would be inequitable to allow the plaintiff to recover the land without giving the defendant ample opportunity to make payment of the amount still owing on the purchase price. . . . It would be manifestly unjust either to permit the plaintiff to repossess himself of it because of the defendant's refusal under some misconception of the law to complete the payment upon demand, or to permit the defendant to retain it without paying for it." (p. 600.)

The inequitable feature of the case at bar was not in the exacting terms of the contract itself, but in the insistence upon the rigid rule of forfeiture under the terms of the contract after participating in negotiations for a complete settlement of all the installments, which would naturally lead the purchaser to exert his energies toward the consummation of the proposed plans rather than toward meeting the installment payment on the day prescribed. (*Heard v. Gephart,* 118 Kan. 82, 233 Pac. 1044.)

The trial court in offering the plaintiff a conditional judgment which would give the purchaser a chance to make good either under the original contract or the plan under negotiation, as the plaintiff might prefer, did nothing more than the vendor himself did in the Carson case by fixing a subsequent date for forfeiture after accepting interest only on the pay day, which was approved by the court.

The argument of the appellants, supported by many strong authorities, is convincing as to the legal rights of the vendor in an ejectment action where time is of the essence of the contract, but those cases do not cover the equitable feature of modification of contract or negotiations looking to modification thereof. The recent decision cited by appellants, *Gamer v. Piper,* 125 Kan. 395, 264 Pac. 1071, reversed the judgment of the trial court because it was inconsistent to hold that the vendor was entitled to a forfeiture and also to render judgment against him for certain overpayments made by the purchaser.

The judgment here rendered was a plain judgment for defendant for costs. The argument, however, refers to the conditional judgment offered the plaintiff, which was promptly declined by him before the judgment for costs was rendered. Such conditional judgments involve two features that are not inconsistent with each other; first, a technical legal right; and second, an equitable duty because of the misleading conduct of the vendor. Conditional judgments are encouraged and approved because they are equitable and just. (*Drollinger v. Carson,* 97 Kan. 502, 155 Pac. 923; and *Rice v. Vaughn,* 107 Kan. 598, 193 Pac. 176.)

While the findings of the trial court justified the granting of a conditional judgment tendered by the court and declined by plaintiff, they also fully support and sustain the judgment for defendant for costs from which this appeal is taken. We find no error in the court recognizing the tender made in the pleadings as sufficient under the circumstances.

The judgment is affirmed.